ALLEN J. RUBY (SBN 47109)
allen.ruby@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
TIMOTHY A. MILLER (SBN 154744)
timothy.miller@skadden.com
S. SHERYL LEUNG (SBN 238229)
sheryl.leung@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

DANIEL L. NASH (*pro hac vice*)
DNash@akingump.com
STACEY R. EISENSTEIN (*pro hac vice*)
SEisenstein@akingump.com
MARLA S. AXELROD (*pro hac vice*)
MAxelrod@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave., NW
Suite 1000
Washington, DC 20036
Telephone: 202-887-4000
Facsimile: 202-887-4288

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD DENT, et al.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>NATIONAL FOOTBALL LEAGUE,<br><br>            Defendant. | Case No.: **3:14-CV-02324-WHA**<br><br>**DEFENDANT NATIONAL FOOTBALL LEAGUE'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TIME-BARRED AND FOR FAILURE TO STATE A CLAIM**<br>**[FED. R. CIV. PROC. 8, 9 & 12]**<br><br>Date:        **October 30, 2014**<br>Time:        **8:00 a.m.**<br>Courtroom:   **8, 19th Floor**<br>Judge:       **Honorable William Alsup** |

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3

**PLEASE TAKE NOTICE** that on October 30, 2014, at 8:00 a.m., or as soon thereafter as

4 available, in the courtroom of the Honorable William Alsup, located at 450 Golden Gate Avenue,

5 Courtroom 8, 19th Floor, San Francisco, California 94102, Defendant National Football League

6 (the "NFL") will and hereby does move for an order dismissing Plaintiffs' Second Amended

7 Complaint (Dkt. No. 65) (the "SAC").

8 All Counts of the Complaint should be dismissed with prejudice under Rules 8(a), 9(b),

9 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon

10 which relief may be granted, as the asserted claims are both time-barred and fail to state an

11 actionable claim against the NFL.  This Motion is based on this Notice of Motion and Motion, the

12 Memorandum of Points and Authorities, the Declaration of Sheryl Leung, the pleadings and papers

13 on file in this action, any other such matters upon which the Court may take judicial notice, the

14 arguments of counsel, and any other matter that the Court may properly consider.

15 Dated: September 25, 2014
SKADDEN, ARPS, SLATE, MEAGHER &
16 FLOM LLP

17

18 By: */s/ Allen J. Ruby*
19 Allen J. Ruby

20 Attorneys for Defendant
*National Football League, Inc.*

21

22

23

24

25

26

27

28

1

1

**<u>TABLE OF CONTENTS</u>**

2

**Page**

3    PRELIMINARY STATEMENT ...............................................................................1

4    ALLEGATIONS OF THE SECOND AMENDED COMPLAINT.................................2

5    LEGAL STANDARD ON A MOTION TO DISMISS .................................................3

6    ARGUMENT ...................................................................................................4

7    I.    PLAINTIFFS FAIL TO ALLEGE A BASIS TO AVOID APPLICATION
          OF THE STATUTE OF LIMITATIONS. ................................................4

8
9          A.    California's Statute Of Limitations Applies Where, As Here, It Bars
                State Law Claims In A Diversity Action. ......................................4

10         B.    Plaintiffs' Claims Are Barred Under California's Three-Year Statute
                Of Repose Applicable To Medical Malpractice Claims. ...................5

11
12         C.    Alternatively, Plaintiffs' Claims Are Barred Under California's Two-
                Year Statute Of Limitations Applicable To Personal Injuries. ..........7

13               1.    Plaintiffs Fail To Plead The Basic Requirements Of The
                      "Discovery Rule". ...........................................................7

14
15                     (a)    Plaintiffs Fail To Plead When And How They
                             "Discovered" The Factual Basis For Their Claims............8

16                     (b)    Plaintiffs Fail To Plead Facts Supporting Their
                             Purported Inability To Discover Their Claims Sooner
17                           Despite Reasonable Diligence. ..................................10

18               2.    Plaintiffs' Claim That The NFL "Fraudulently Concealed"
                      Their Claims Fails To Toll The Statute Of Limitations................11

19
20               3.    Plaintiffs' Attempt To Avoid The Statute Of Limitations By
                      Adding Hadnot As A Plaintiff Also Fails. ...............................12

21   II.   PLAINTIFFS FAIL TO PLEAD THEIR FRAUD-BASED CLAIMS WITH
          THE PARTICULARITY REQUIRED BY RULE 9(b). ................................12

22
23         A.    Rule 9(b) Applies To Plaintiffs' Fraud-Based Claims. ....................12

24         B.    Plaintiffs Fail To Plead With Particularity The Circumstances Of The
                Allegedly Fraudulent  Omission. .............................................14

25         C.    Plaintiffs Fail To Allege Facts Giving Rise To A Duty To Disclose. .......15

26         D.    Plaintiffs Fail To Plead Actual Reliance....................................18

27   III.  PLAINTIFFS FAIL ADEQUATELY TO PLEAD THEIR NEGLIGENT
          HIRING AND RETENTION CLAIMS. ..................................................18

28

i

IV.     PLAINTIFFS LACK STANDING TO ASSERT LOSS OF CONSORTIUM
        CLAIMS ON BEHALF OF THEIR SPOUSES. ...................................................19

V.      PLAINTIFFS' MEDICAL MONITORING CLAIM FAILS AS A MATTER
        OF CALIFORNIA LAW. ........................................................................20

VI.     PLAINTIFFS' DECLARATORY RELIEF CLAIM FALLS WITH THE
        OTHER DEFECTIVE CLAIMS. ..............................................................20

CONCLUSION...................................................................................................21

1

## TABLE OF AUTHORITIES

2

Page(s)

3

<u>CASES</u>

4

*Arroyo v. Pfizer, Inc.,*
  No. C-12-4030-EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013)............................................. 13

5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................................................................................ 3

6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................................................................ 3

7

8

*Boyd v. Alameda County,*
  No. C 02-02461 SI, 2005 WL 2171870 (N.D. Cal. Sept. 6, 2005)...................................................7

9

*Carnero v. Fed. Home Loan Mortg. Corp.,*
  No. C 11-01029 WHA, 2012 WL 177560 (N.D. Cal. Jan. 23, 2012) ............................................ 20

10

11

*Chang v. McKesson HBOC, Inc.,*
  No. C07-03981 MJJ, 2007 WL 4463002 (N.D. Cal. Dec. 17, 2007) ............................................ 11

12

*Conerly v. Westinghouse Elec. Corp.,*
  623 F.2d 117 (9th Cir. 1980) ...................................................................................................... 3, 4

13

14

*Cota v. United States,*
  No. C 13-00576 JSW, 2013 WL 6234574 (N.D. Cal. Dec. 2, 2013) ............................................ 20

15

*Cuviello v. Feld Entm't, Inc.,*
  Case No. 13-cv-03135-LHK, 2014 WL 1379849 (N.D. Cal. Apr. 7, 2014) ............................... 19

16

17

*Czajkowski v. Haskell & White, LLP,*
  208 Cal. App. 4th 166 (2012) ................................................................................................ 1, 8, 10

18

*DeBlasio v. Merrill Lynch & Co., Inc.,*
  No. 07 Civ 318(RJS), 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ........................................... 13

19

20

*Delfino v. Agilent Tech. Inc.,*
  145 Cal. App. 4th 790 (2006) ....................................................................................................... 19

21

*Deutsch v. Turner Corp.,*
  324 F.3d 692 (9th Cir. 2003) .......................................................................................................... 4

22

23

*E&E Co., Ltd. v. Kam Hing Enter., Inc.,*
  No. C-08-0871 MMC, 2009 WL 482240 (N.D. Cal. Feb. 25, 2009) ........................................... 13

24

*Eisen v. Porsche Cars N. Am., Inc.,*
  No. CV 11-9405 CAS (FEMx), 2012 WL 841019 (C.D. Cal. Feb. 22, 2012) ........................... 13

25

26

*Falk v. Gen. Motors Corp.,*
  496 F. Supp. 2d 1088 (N.D. Cal. 2007) ....................................................................................... 14

27

28

*Garabet v. Superior Court,*
151 Cal. App. 4th 1538 (2007) ........................................................................................ 6

*Goldrich v. Natural Y Surgical Specialties, Inc.,*
25 Cal. App. 4th 772 (1994) ........................................................................................... 7

*Graebner v. James,*
No. C 12-01694 WHA, 2012 WL 6156729 (N.D. Cal. Dec. 11, 2012) ...................... 14

*Gratz v. Bollinger,*
539 U.S. 244 (2003) ....................................................................................................... 19

*Heliotis v. Schuman,*
181 Cal. App. 3d 646 (1986) .................................................................................... 15, 16

*Herron v. Best Buy Co. Inc.,*
924 F. Supp. 2d 1161 (E.D. Cal. 2013) ......................................................................... 17

*Hutchins v. Bank of Am., N.A.,*
Case No. 13-cv-03242-JCS, 2014 WL 722098 (N.D. Cal. Feb. 25, 2014) ................. 11

*In re Ford Tailgate Litig.,*
No. 11-CV-2593-RS, 2014 WL 1007066 (N.D. Cal. Mar. 11, 2014) ............................ 8

*Jolly v. Eli Lilly & Co.,*
44 Cal. 3d 1103 (1988) .................................................................................................... 7

*Juniper Networks v. Shipley,*
No. C 09-0696 SBA, 2009 WL 1381873 (N.D. Cal. May 14, 2009) ........................... 12

*Karoun Dairies, Inc. v. Karlacti, Inc.,*
No. 08cv1521 AJB (WVG), 2014 WL 3340917 (S.D. Cal. July 8, 2014) ..................... 4

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ....................................................................................... 13

*Kenery v. Wells Fargo, N.A.,*
No. 5:13-cv-02411-EJD, 2014 WL 129262 (N.D. Cal. Jan. 14, 2014) ....................... 20

*Knollenberg v. Wyeth,*
No. 2:05-cv-2044, 2011 WL 5358698 (W.D. Ark. Nov. 7, 2011) .................................. 7

*Lathrop v. Healthcare Partners Med. Grp.,*
114 Cal. App. 4th 14124 (2004) ...................................................................................... 6

*Ledesma v. Jack Stewart Produce, Inc.,*
816 F.2d 482 (9th Cir. 1987) ........................................................................................... 4

*Lewis v. Casey,*
518 U.S. 343 (1996) ........................................................................................................ 20

*LiMandri v. Judkins,*
52 Cal. App. 4th 326 (1997) ............................................................................... 15, 16, 17

iv

*Mangindin v. Washington Mutual Bank,*
   637 F. Supp. 2d 700 (N.D. Cal. 2009) ........................................................................... 20

*McCann v. Foster Wheeler LLC,*
   48 Cal. 4th 68 (2010) ...................................................................................................... 5

*McFadden v. Deutsche Bank Nat. Trust Co.,*
   No. 2:10-cv-03004 JAM KJN PS, 2011 WL 3606797 (E.D. Cal. Aug. 16, 2011)...................... 19

*Meighan v. Shore,*
   34 Cal. App. 4th 1025 (1995) ......................................................................................... 9

*Meyer v. Wells Fargo Bank, N.A.,*
   No. C 13-03727, 2014 WL 651836 (N.D. Cal. Feb. 19, 2014) ................................... 13

*Mirkin v. Wasserman,*
   5 Cal.4th 1082 (1993) ..................................................................................................... 18

*Nabors v. Google, Inc.,*
   No. 5:10-cv-03897, 2011 WL 3861893 (Aug. 30, 2011) ............................................ 14

*Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Res. Dev. Serv., Inc.,*
   No. 5:10-cv-01324-JF/PVT, 2010 WL 4774929 (N.D. Cal. Nov. 16, 2010) .............................. 15

*O'Connor v. Capital One, N.A.,*
   CV 14-00177-KAW, 2014 WL 2215965 (N.D. Cal. May 29, 2014) ........................... 19

*Palomares v. Bear Stearns Residential Mortg. Corp.,*
   No. 07cv01899 WQH (BLM), 2008 WL 686683 (S.D. Cal. Mar. 13, 2008)........................... 16

*Patriot Scientific Corp. v. Korodi,*
   504 F. Supp. 2d 95265 (S.D. Cal. 2007).......................................................................... 13

*Phillips v. TLC Plumbing, Inc.,*
   172 Cal. App. 4th 1133 (2009) ....................................................................................... 18

*Pitre v. Wells Fargo Bank, N.A. Morg. Servicer,*
   No. C 13-00552 WHA, 2013 WL 2156315 (N.D. Cal. May 17, 2013) ....................... 13

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,*
   522 F.3d 1049 (9th Cir. 2008) ........................................................................................ 10

*Plumlee v. Pfizer, Inc.,*
   No. 13-CV-00414-LHK, 2014 WL 4275519 (N.D. Cal. Aug. 29, 2014)................................ 8, 10

*Plumlee v. Pfizer, Inc.,*
   No. 13-cv-00414-LHK, 2014 WL 695024 (N.D. Cal. Feb. 21, 2014) ....................... 8, 9, 10

*Potter v. Firestone Tire & Rubber Co.,*
   6 Cal. 4th 965 (1993) ...................................................................................................... 20

*Rivas v. Safety-Kleen Corp.,*
   98 Cal. App. 4th 218 (2002) ........................................................................................ 5, 7

*Robinson v. HD Supply, Inc.,*
  No. 2:12-cv-00604-GEB-CKD, 2012 WL 3962502 (E.D. Cal. Sept. 10, 2012) ......................... 19

*RPost Holdings, Inc. v. Trustifi Corp.,*
  No. CV 11-2118-PSG (SHx), 2011 WL 4802372 (C.D. Cal. Oct. 11, 2011) ............................ 16

*Selfridge v. Boston Scientific Corp.,*
  No. 2:12-cv-02035, 2013 WL 1390680 (S.D. W. Va. Apr. 4, 2013) ............................................ 6

*Shroyer v. New Cingular Wireless Services, Inc.,*
  622 F.3d 1035 (9th Cir. 2010) .................................................................................................. 18

*SmileCare Dental Grp. v. Delta Dental Plan, Inc.,*
  88 F.3d 780 (9th Cir. 1996) ....................................................................................................... 3

*Smith v. Kohlweiss, Inc.,*
  No. C 11-00239 SBA, 2012 WL 1156338 (N.D. Cal. Mar. 30, 2012) ...................................... 11

*Stearns v. Select Comfort Retail Corp.,*
  No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) .................................................. 14

*Taragan v. Nissan N. Am., Inc.,*
  No. C 09-3660 SBA, 2013 WL 3157918 (N.D. Cal. June 20, 2013) .................................... 15, 17

*Taylor v. Ron's Liquors, Inc.,*
  No. C 10-00694 SI, 2010 WL 4010140 (N.D. Cal. Oct. 13, 2010) ........................................... 18

*Tell v. Taylor,*
  191 Cal. App. 2d 266 (1962) ...................................................................................................... 6

*Tietsworth v. Sears, Roebuck and Co.,*
  No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ......................... 17

*Trans Pac. Nat'l Bank v. UBS AG,*
  No. C 09-4617 SBA, 2010 WL 2354165 (N.D. Cal. June 9, 2010) ........................................... 18

*Trantafello v. Medical Center of Tarzana,*
  182 Cal. App. 3d 315 (1986) ...................................................................................................... 6

*Uram v. Abex Corp.,*
  217 Cal. App. 3d 1425 (1990) .................................................................................................... 9

*Virginia v. McKesson Corp.,*
  No. C 11-02782 SI, 2013 WL 1287423 (N.D. Cal. Mar. 28, 2013) ............................................ 4

*Ward v. Wells Fargo Home Mortgage, Case*
  No. 14-cv-00887-JCS, 2014 WL 1922082 (N.D. Cal. May 6, 2014) ........................................ 13

*Wells v. Sorin Grp. USA, Inc.,*
  No. 2:14-cv-00606-MCE-KJN, 2014 WL 2154482 (E.D. Cal. May 22, 2014) ......................... 10

*Wolph v. Acer Am. Corp.,*
  No. C 09-01314 JSW, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) ...................................... 17

*Yumul v. Smart Balance, Inc.,*
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) ...................................................................... 12

**<u>STATUTES</u>**

California Code of Civil Procedure § 335.1 ........................................................................ 7

California Code of Civil Procedure § 340.5 ........................................................................ 6

California Code of Civil Procedure § 361 ........................................................................... 4

**<u>RULES</u>**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................ 19

Federal Rule of Civil Procedure 9(b) ..................................................................... passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NFL'S MOT. TO DISMISS SAC - TIME-BAR/FAILURE TO STATE CLAIM        Case No.: 3:14-cv-02324-WHA

1

## **PRELIMINARY STATEMENT**

2  Plaintiffs, ten retired professional football players, in the aggregate were employed by 18

3  NFL teams during 96 NFL seasons over more than four decades.  (SAC ¶¶ 23-49.)  Plaintiffs claim

4  that the NFL, acting through team doctors and trainers, wrongfully provided Plaintiffs with

5  prescription medications in violation of federal law and medical ethics, and without adequate

6  medical warnings.  (SAC ¶¶ 16-21.)  Plaintiffs do not, and cannot in good faith, allege that the NFL

7  employed the team doctors, or restricted or controlled the provision of medical care and advice by

8  them to the players.  Nevertheless, Plaintiffs sue the League, not the teams that employed them or

9  the doctors or trainers who allegedly dispensed the medications.  Plaintiffs' claims against the NFL

10  fail because (i) they are barred under the statute of limitations, (ii) their fraud-based claims are not

11  pleaded with particularity, and (iii) their remaining claims also fail to state a claim upon which

12  relief may be granted.

13  California's statute of limitations, which applies in this diversity action, bars Plaintiffs'

14  claims.  Whether viewed as medical malpractice (one year) or personal injury claims (two years),

15  their decades-old injuries fall well outside the limitations period.  Alleging fraudulent concealment,

16  Plaintiffs seek refuge in the "discovery rule," but do not even attempt to comply with California

17  law requiring that they plead (i) when and how they discovered the facts allegedly supporting their

18  claims, and (ii) facts establishing their inability to discover those claims earlier despite reasonable

19  diligence.  *Czajkowski v. Haskell & White, LLP*, 208 Cal. App. 4th 166, 175 (2012).

20  Each Plaintiff fails to allege when he allegedly discovered his claims, a fact which lies

21  within his exclusive knowledge (at least vis-a-vis the NFL).  Plaintiffs also fail to explain their lack

22  of diligence.  For example, Plaintiffs fail to allege how a reasonable investigation would not have

23  uncovered, among other things, the 2002 "Tokish Study" or the July 2011 "Wash U/ESPN Study,"

24  upon which Plaintiffs rely to claim that *the NFL* knew about the risks of the medications (*e.g.*, SAC

25  ¶¶ 127-28, 193-94); both were published well before the limitations period.

26  Independently, Plaintiffs' fraud-based claims (Counts III through VI) fail because they do

27  not allege with particularity the basic "who, what, when, where and how" of the NFL's allegedly

28

NFL'S MOT. TO DISMISS SAC - TIME-BAR/FAILURE TO STATE CLAIM          Case No.: 3:14-cv-02324-WHA

1   fraudulent omissions.[1]  Plaintiffs do not identify who at the NFL had the allegedly "superior

2   knowledge" to which Plaintiffs refer, when he or she had it, or when he or she should have

3   disclosed that information within the Plaintiffs' private and confidential doctor-patient

4   relationships.  Nor do Plaintiffs identify a single physician or trainer who allegedly provided them

5   with the medications, state what specific information was omitted from the many individualized

6   medical consultations that occurred over the years, or allege how each doctor's omission was

7   fraudulent at the time the medical advice was given.

8           Moreover, Plaintiffs' claim that the **NFL** defrauded them in numerous one-on-one

9   interactions between *team* doctors and their patients is unsupported by any specific allegations in

10  the SAC.  Plaintiffs do not and cannot allege that the NFL employs the team doctors.  Only each

11  player's team doctor could know all of the medically relevant facts that contribute to the

12  formulation of his or her medical advice, including information about prescribed medications.  The

13  proper advice would have varied from player to player and with changing circumstances.  Plaintiffs

14  fail to allege how the NFL committed fraud by failing to inject itself into the individualized and

15  private interactions between player and team medical staff.

16          Finally, Plaintiffs' declaratory relief (Count I), loss of consortium (Count VII), and

17  negligent hiring and retention (Counts VIII and IX) claims fail for the independent reasons

18  discussed *infra* at Sec. III, IV, V, VI.

19          The NFL respectfully requests that the Court dismiss Plaintiffs' claims with prejudice.

20          **ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

21          Plaintiffs assert nine counts for declaratory relief, medical monitoring, fraud, fraudulent

22  concealment, negligent misrepresentation, negligence *per se*, loss of consortium, negligent hiring,

23  and negligent retention.  (SAC ¶¶ 277-401.)  They allege that team doctors and trainers "would

24  push to return players to the field, regardless of what injuries they had" by "illegally and

25  unethically substitut[ing] pain medications for proper health care" and "intentionally hid[ing]

26  _____

27          [1] Although Plaintiffs bring claims for both fraud (Count III) and fraudulent concealment
28  (Count IV), Plaintiffs did not plead any specific affirmative misrepresentations.  (SAC ¶¶ 304-329.)

1    information about the dangers of the medications" (*id.* ¶¶ 13, 247, 317) because "disclosing the

2    information would lead to star players being out of action for longer and more frequent periods of

3    time, damaging the NFL's ability to command top TV rights dollars."  (*Id.* ¶ 317.)

4         Plaintiffs claim that they suffered four types of injuries:  (1) opioid tolerance, dependence

5    and addiction (*id.* ¶¶ 17, 25, 32, 42 and 148-63); (2) more severe and permanent musculoskeletal

6    injuries (*id.* ¶¶ 164-72); (3) long term health consequences such as obesity and related diseases,

7    respiratory problems and decreased liver and kidney function (*id.* ¶¶ 173-79); and (4) health effects

8    stemming from use of NSAIDs, such as adverse gastrointestinal events, renal failure, an increased

9    risk of hemorrhage and internal bleeding, increased risk of heart attack, and accelerated progression

10   of hip and knee osteoarthritis (*id.* ¶¶ 180-87).

11   ## LEGAL STANDARD ON A MOTION TO DISMISS

12        Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure where

13   a plaintiff fails to assert a cognizable legal theory or allege sufficient facts under a cognizable legal

14   theory.  *See, e.g.*, *SmileCare Dental Grp. v. Delta Dental Plan, Inc.*, 88 F.3d 780, 782-83, 786 (9th

15   Cir. 1996).  The complaint must include facts sufficient to suggest that the right to relief is

16   plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiffs cannot

17   survive a motion to dismiss with "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."

18   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a

19   formulaic recitation of the elements of a cause of action will not do.").  Plaintiffs must plead

20   "factual content that allows the court to draw the reasonable inference that the defendant is liable

21   for the misconduct alleged."  *Iqbal*, 556 U.S. at 677-78.

22        "When the running of the statute [of limitations] is apparent from the face of the complaint,

23   as it is in the present case, then the defense may be raised by a motion to dismiss."  *Conerly v.*

24   *Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).

25        As discussed *infra* at Sec. II.A, Plaintiffs' fraud-based claims are subject to additional,

26   heightened pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure.

27

28

## ARGUMENT

### I.    PLAINTIFFS FAIL TO ALLEGE A BASIS TO AVOID APPLICATION OF THE STATUTE OF LIMITATIONS.

Plaintiffs' decades-old claims should be dismissed because "the running of the statute [of limitations] is apparent from the face of the complaint," *Conerly*, 623 F.2d at 119, and Plaintiffs fail to plead facts sufficient to avoid the time bar.

### A.    California's Statute Of Limitations Applies Where, As Here, It Bars State Law Claims In A Diversity Action.

"It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987); *see also Deutsch v. Turner Corp.*, 324 F.3d 692, 716 (9th Cir. 2003) (a district court sitting in diversity must "apply . . . the statute of limitations that would be applied in California state court").  Under California's "governmental interest" test, "[w]here the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law," especially where California's statute would bar a claim. *Id*. at 716-17.[2]  Therefore, where, as here, California's statute of limitations or repose bars Plaintiffs' claims, the Court need not engage in further choice of law analysis because California law will apply even if the claims would be permitted in another jurisdiction, and the fact that the claims may also be barred in another jurisdiction would add nothing to the analysis.[3]

---

[2]    "California's interest in applying its own law is strongest when its statute of limitations is shorter than that of the foreign state, because a state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be stale." *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08cv1521 AJB (WVG), 2014 WL 3340917, at *11 (S.D. Cal. July 8, 2014) (applying shorter California statute to claim against Canadian and Delaware defendants); *Virginia v. McKesson Corp.*, No. C 11-02782 SI, 2013 WL 1287423, at *2 (N.D. Cal. Mar. 28, 2013) (statutes of limitations protect California courts and residents from "the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost").

[3]    Plaintiffs' claims potentially implicate the laws of all 22 states in which NFL games have been played over the last four decades because Plaintiffs allegedly received medications and potentially suffered personal injuries in those states.  If for any reason the Court finds that California's statute of limitations does not bar Plaintiffs' claims, then the statute of limitations of one of those other jurisdictions may apply to bar some or all of those claims.  *See* Cal. Civ. Proc. Code § 361 ("When a cause of action has arisen in another state, … and by the laws thereof an

*(cont'd)*

4

**B.** **Plaintiffs' Claims Are Barred Under California's Three-Year Statute Of Repose Applicable To Medical Malpractice Claims.**

California's *one-year* statute of limitation and *three-year* statute of *repose* for medical malpractice claims under California's Medical Injury Compensation Reform Act (or "MICRA") apply because Plaintiffs apparently seek (although the SAC is unclear) to hold the NFL vicariously liable for alleged medical malpractice by team doctors and trainers. "In ruling upon the applicability of a statute of limitations . . . courts will look to the nature of the rights sued upon rather than to the form of action or to the relief demanded." *Rivas v. Safety-Kleen Corp.*, 98 Cal. App. 4th 218, 229 (2002) (applying personal injury, not fraud, statute of limitations to fraudulent concealment claim based on failure to warn of product defect resulting in personal injury).

Plaintiffs allege that the NFL acted "directly and indirectly" through team doctors and trainers, asserting based on a vague reference allegedly made by an NFL executive that they were "our doctors." (*See, e.g.,* SAC ¶¶ 14-20 ("NFL directly and indirectly" supplied the medications); *id.* ¶¶ 25, 28, 30, 32, 36, 38, 40, 42, 45, & 48 (Plaintiffs received thousands of shots from team doctors and pills from trainers); *id.* ¶ 146 ("our doctors"); *id.* ¶ 205 ("NFL doctors and trainers gave players medications . . .").) Plaintiffs apparently seek to hold the NFL vicariously liable for the wrongful provision of medications by team doctors and trainers allegedly in violation of federal law and medical ethics. (*See, e.g.*, SAC ¶ 87 (alleged violation of federal law to permit trainers to distribute medications); *id.* ¶¶ 95-96 (alleging doctors and trainers violated federal law by dispensing medications without proper prescriptions and labeling); *id.* ¶¶ 113-22 (alleging team doctors and trainers violated AMA Code of Medical Ethics by, among other things, failing to obtain informed consent from players regarding the medications).) Thus, the "nature of the right

---

*(cont'd from previous page)*
action cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued."); *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87, 97-98 (2010) (applying California's governmental interest test, court held that Oklahoma statute of repose barred claim based on exposure to asbestos in Oklahoma even though injuries did not manifest until years later when plaintiff lived in California). The NFL reserves the right to contend at a later stage of this proceeding, if necessary, that the statutes of limitations in one or more other states applies.

NFL'S MOT. TO DISMISS SAC - TIME-BAR/FAILURE TO STATE CLAIM          Case No.: 3:14-cv-02324-WHA

1    sued upon" is the right to be free of "professional negligence," which is defined under MICRA to

2    mean "a negligent act or omission to act by a health care provider [here, the team doctors and

3    trainers] in the rendering of professional services."  Cal. Civ. Proc. Code § 340.5.

4            Where, as here, Plaintiff seeks to hold a defendant vicariously liable for the alleged medical

5    malpractice of a health care provider (the doctors and trainers), the defendant is entitled to invoke

6    all of the limitations on liability available to the health care provider under MICRA.  S*ee Lathrop*

7    *v. Healthcare Partners Med. Grp.*, 114 Cal. App. 4th 1412, 1424 (2004) (applying $250,000

8    MICRA cap on non-economic damages to a defendant that was not a "health care provider" where

9    defendant's liability was wholly derived under theories of vicarious liability from the liability of an

10   employee that was a "health care provider" under MICRA).  Accordingly, the one-year statute of

11   limitations and three-year statute of repose for medical malpractice under MICRA applies.  *See*

12   *Selfridge v. Boston Scientific Corp.*, No. 2:12-cv-02035, 2013 WL 1390680, at *8, *12-13 (S.D. W.

13   Va. Apr. 4, 2013) (holding fraud and negligence claims subject to the one-year medical malpractice

14   statute of limitation because "[a]ny lack of disclosure about the risks of the procedure goes to

15   professional negligence, not fraud"); *Tell v. Taylor*, 191 Cal. App. 2d 266, 271 (1962) (noting that

16   "even though the plaintiff alleges false representation on the part of the physician or fraudulent

17   concealment, our courts have always treated the action as one for malpractice").

18           Under California's three-year statute of **repose** applicable to medical malpractice, Plaintiffs'

19   claims are barred to the extent they are based on injuries that occurred prior to May 20, 2011.  *See*

20   Cal. Civ. Proc. Code § 340.5.  Under the statute of repose, "once the damaging effect of the alleged

21   wrongful act is apparent, the statute is activated . . . even without the knowledge that negligence

22   was the cause of the injury."  *Garabet v. Superior Court*, 151 Cal. App. 4th 1538, 1546 (2007)

23   (where plaintiff sued surgeon seven years after Lasik surgery, claims were time-barred because he

24   had experienced loss of acuity within weeks of his surgery, even though plaintiff thought his visual

25   problems were due to causes other than negligence).  Because all of Plaintiffs' injuries (other than

26   Hadnot), whether suffered on the field or as symptoms of addiction, occurred during their playing

27   days years before May 20, 2011 (*see* SAC ¶¶ 24-49, 248-259), their claims based on those injuries

28   are time barred under California's statute of repose.  *Trantafello v. Med. Ctr. of Tarzana*, 182 Cal.

1   App. 3d 315, 320-22 (1986) (malpractice claim for failure to disclose risks of synthetic graft held

2   time-barred; intentional concealment did not toll limitations period because statute required more

3   than a continuation of nondisclosure to invoke tolling).

4       **C.    Alternatively, Plaintiffs' Claims Are Barred Under California's Two-Year
            Statute Of Limitations Applicable To Personal Injuries.**

5

6       In all events, the applicable statute of limitations could be no longer than two years because

7   Plaintiffs' claims, including their fraudulent omission claims, seek redress for personal injuries

8   (addiction, aggravated sports injuries, and adverse health consequences from the medications (SAC

9   ¶¶ 148-87)) allegedly "caused by the wrongful act or neglect of another."  Cal. Civ. Proc. Code

10  § 335.1; *Rivas*, 98 Cal. App. 4th at 229 (courts are to "look to the nature of the rights sued upon

11  rather than to the form of action or to the relief demanded").  California's two-year statute of

12  limitations for personal injury applies even though the SAC includes fraud and concealment

13  claims.  *See, e.g.*, *Knollenberg v. Wyeth*, No. 2:05-cv-2044, 2011 WL 5358698, at *2 (W.D. Ark.

14  Nov. 7, 2011) (applying California's two-year personal injury statute to bar fraud claims against

15  manufacturer of drug that allegedly caused plaintiff's breast cancer); *Boyd v. Alameda County*, No.

16  C 02-02461 SI, 2005 WL 2171870, at *20 (N.D. Cal. Sept. 6, 2005) (applying one-year personal

17  injury statute to bar claims for personal injuries on theories of negligence, negligent hiring and

18  negligent retention against Prison Health Services).

19      Plaintiffs filed the initial complaint on May 20, 2014.  Accordingly, if California's personal

20  injury statute applies (as opposed to medical malpractice, discussed above), claims that accrued

21  prior to May 20, 2012 are barred.

22          1.    Plaintiffs Fail To Plead The Basic Requirements Of The "Discovery Rule".

23      In general, a claim for personal injury accrues on the date of injury.  *Jolly v. Eli Lilly & Co.*,

24  44 Cal. 3d 1103, 1109 (1988); *Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th

25  772, 779 (1994).  Plaintiffs' alleged personal injuries, associated with pain medications allegedly

26  provided to them during their playing careers, therefore accrued many years, if not decades ago.

27  (*See, e.g.*, SAC ¶¶ 23-49.)  Each of the Plaintiffs (other than Hadnot, discussed *infra* at Sec. I.C.3)

28  retired in 2008 or earlier, well outside the limitations period.  (*Id.* ¶¶ 24, 27, 29, 31, 35, 37, 39, 41,

7

44.)  Six retired more than 15 years ago (*id.* ¶¶ 24, 29, 31, 35, 39, 41); two retired more than 35 years ago (*id.* ¶¶ 31, 39).  Indeed, one filed a workers' compensation claim seeking compensation for his injuries in 1978; each of the others (aside from Hadnot) filed workers' compensation claims between 2007 and 2011, before the limitations period, covering the same injuries for which they seek relief here.  (RJN, Exs. C-K.)  In short, their claims are very stale.  And Plaintiffs fail to plead facts sufficient to avoid their dismissal.

The "discovery" rule does not salvage Plaintiffs' claims.  "[T]he plaintiff claiming delayed discovery of the facts constituting the cause of action has the burden of setting forth pleaded facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Czajkowski v. Haskell & White, LLP*, 208 Cal. App. 4th 166, 175 (2012) (internal quotations and citations omitted); *see also Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL 4275519, at *6 (N.D. Cal. Aug. 29, 2014) (*Plumlee II*) (same, granting motion to dismiss with prejudice on statute of limitations grounds); *Plumlee v. Pfizer, Inc.*, No. 13-cv-00414-LHK, 2014 WL 695024, at *9 (N.D. Cal. Feb. 21, 2014) (*Plumlee I*) (granting motion for judgment on the pleadings on statute of limitations grounds); *Czajkowski*, 208 Cal. App. 4th at 178-179 (affirming trial courts sustaining of demurrers to professional negligence claims because plaintiff failed to allege facts delaying claim's accrual).[4]  Plaintiffs fail on both counts.

> (a)    Plaintiffs Fail To Plead When And How They "Discovered" The Factual Basis For Their Claims.

Plaintiffs allege in conclusory fashion that they "had no good reason to know of these dangers until recently."  (SAC ¶ 52.)  But they fail to plead with specificity <u>when</u> they allegedly discovered the purported "dangers" or how they discovered them.  Plaintiffs must know when and how they "discovered" the basis for the claims they have brought.  California law requires them to

---

[4]    Stated otherwise in the fraud context, "the plaintiff must plead and prove facts showing: (a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (c) how and when he did actually discover the fraud or mistake." *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *8 (N.D. Cal. Mar. 11, 2014) (rejecting plaintiff's claim that the delayed discovery rule and fraudulent concealment doctrine applied and dismissing CLRA claims).

1    plead those facts with specificity.

2         Plaintiffs assert that certain of their alleged injuries, such as reduced kidney function or

3    kidney failure, did not occur until recently and thus were not discoverable at an earlier time.  (*See*,

4    *e.g.*, SAC ¶¶ 30, 46.)  But these allegations are deficient on their face.  For example, Plaintiff

5    Newberry refers to a hospital visit "one night after retiring" when he was hospitalized for his

6    kidney problems.  (*Id.* ¶ 257.)  But Newberry does not allege whether this was the first time that he

7    discovered his alleged decreasing kidney function or even when this visit occurred.  Similarly,

8    Plaintiff Green alleges that he had a kidney transplant in November 2012 (*id.* ¶ 30), but does not

9    allege when he first discovered that he suffered from harm to his kidneys.[5]

10         Judge Koh's ruling in *Plumlee* is instructive.  There, plaintiff waited four years and seven

11   months after her last purchase of Zoloft to sue Pfizer for misrepresenting its efficacy to combat

12   depression.  *Plumlee I*, 2014 WL 695024, at *7.  Plaintiff claimed "delayed discovery," alleging

13   that "there was no way for Plaintiff to have known she was injured" because "Plaintiff was unaware

14   of Pfizer's deception until early 2012."  *Id.*, at *9, n.7.  Judge Koh dismissed the fraud-based claims

15   as time-barred, holding, in part, that "early 2012" did not reveal the time of the discovery of her

16   injury.  *Id*.  Similarly, Plaintiffs provide no detail as to when and how they discovered their claims.

17         Plaintiffs' spouses' loss of consortium claims fare no better.  Loss of consortium claims are

18   subject to a one-year statute of limitation.  *Meighan v. Shore*, 34 Cal. App. 4th 1025, 1034 (1995).

19   Plaintiffs do not allege when their spouses first became aware of their loss of consortium; nor do

20   they provide a basis to believe that it was a date later than the date of Plaintiffs' injuries.  *See Uram*

21   *v. Abex Corp.*, 217 Cal. App. 3d 1425, 1438 (1990) (where husband charged with knowledge of his

22   injury no later than the filing of his worker's compensation claim and wife presented no evidence of

23   a different time of discovery, wife's loss of consortium claim deemed to accrue at the same time).

24

25

---

26         [5]     Wiley alleges that in April 2014, with no history of kidney disease, he was
     hospitalized and diagnosed with partial renal failure.  (SAC ¶ 46.)  But, as discussed *infra* at Sec.
27   I.C.1.b, Wiley fails to explain why he would not have discovered his alleged decreasing kidney
     function at an earlier date in the exercise of reasonable diligence.
28

NFL'S MOT. TO DISMISS SAC - TIME-BAR/FAILURE TO STATE CLAIM          Case No.: 3:14-cv-02324-WHA

1
       (b)     <u>Plaintiffs Fail To Plead Facts Supporting Their Purported Inability</u>
                 <u>To Discover Their Claims Sooner Despite Reasonable Diligence.</u>

2

3        Each Plaintiff must also plead "the inability to have made earlier discovery despite

4  reasonable diligence." *Czajkowski*, 208 Cal. App. 4th at 175.  "California law is clear that the

5  burden is on the plaintiff to establish diligence in investigating the cause of injury." *Wells v. Sorin*

6  *Grp. USA, Inc.*, No. 2:14-cv-00606-MCE-KJN, 2014 WL 2154482, at *5 (E.D. Cal. May 22,

7  2014).  "Plaintiffs are required to conduct a reasonable investigation after becoming aware of an

8  injury, and are charged with knowledge of the information that would have been revealed by such

9  an investigation." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir.

10  2008).  Conclusory allegations of diligence will not suffice.  *See Plumlee II*, 2014 WL 4275519, at

11  *6; *Czajkowski*, 208 Cal. App. 4th at 175.  Plaintiffs fail to satisfy this requirement.

12        For example, Plaintiffs rely on two published studies – the 2002 "Tokish Study" (*see* SAC

13  ¶¶ 127-132; RJN, Ex. A) and the July 2011 "Wash U/ESPN Study" (*see* SAC ¶¶ 192-196; RJN, Ex.

14  B) – to support their claim of NFL knowledge, but offer no allegations in support of an argument

15  that, with reasonable diligence, they would not have accessed the same information before the

16  limitations period.  The *Plumlee* rulings are again instructive.  There, Judge Koh held that where

17  the complaint relied on materials published years earlier regarding the efficacy of Zoloft to support

18  the claim that defendant knew it was ineffective, plaintiff was obligated to "explain why she was

19  unaware of these publications before" the alleged date of her discovery and "explain[] why these

20  publications did not serve to put her on notice" of the alleged misrepresentations.  *Plumlee I*, 2014

21  WL 695024, at *9; *see also Plumlee II*, 2014 WL 4275519, at *7 (complaint dismissed with

22  prejudice because although plaintiff amended to allege <u>when</u> she learned of alleged fraud, she still

23  failed to explain her lack of diligence).  The same result is required here.

24        Moreover, given the nature of Plaintiffs' alleged injuries and their claims that they have

25  suffered from these injuries since retirement, there can be little doubt that Plaintiffs visited one or

26  more doctors post-retirement, and it is implausible simply to assume that each Plaintiff did not

27  discuss the potential causes of their injuries with their personal doctors.  In addition, Plaintiffs Hill,

28  McMahon and Dent allege that they retired in 1978, 1996 and 1997, respectively, addicted to the

10

1    medications at issue here; it is simply implausible to assume that they did not discuss with their

2    doctors the potential causes of their addiction.  Plaintiffs fail to explain their lack of diligence.

3              2.     Plaintiffs' Claim That The NFL "Fraudulently Concealed" Their Claims
                      Fails To Toll The Statute Of Limitations.
4

5              Alleging "fraudulent concealment," Plaintiffs contend that the "applicable statutes of

6    limitations are tolled because the NFL's intentional, reckless, and negligent omissions prevented

7    Plaintiffs from learning of the foregoing hazards to their health."  (SAC ¶¶ 51, 54.)  The law does

8    not permit Plaintiffs to recycle their deficient fraud allegations into an excuse for failing to bring

9    their claims in a timely fashion.

10             The doctrine of fraudulent concealment (also referred to as equitable estoppel) is distinct

11   from the "discovery rule," and "focuses primarily on actions taken by the defendant *to prevent a*

12   *plaintiff from filing suit*."  *Smith v. Kohlweiss, Inc.*, No. C 11-00239 SBA, 2012 WL 1156338, at *5

13   (N.D. Cal. Mar. 30, 2012) (emphasis added).  Fraudulent concealment "halts the statute of

14   limitations where there is active conduct by a defendant, above and beyond the wrongdoing upon

15   which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."  *Hutchins v. Bank of*

16   *Am., N.A.*, Case No. 13-cv-03242-JCS, 2014 WL 722098, *5-6 (N.D. Cal. Feb. 25, 2014).

17             The doctrine does not apply where, as here, Plaintiffs rely on the same allegations to toll the

18   statute of limitations that they rely upon for their underlying fraud claims.  *Id.* (rejecting fraudulent

19   concealment argument premised on same conduct that allegedly supported fraud claim); *Chang v.*

20   *McKesson HBOC, Inc.*, No. C07-03981 MJJ, 2007 WL 4463002, at *3-4 (N.D. Cal. Dec. 17, 2007)

21   (dismissing fraud claim with prejudice because equitable estoppel argument relied on same conduct

22   allegedly supporting fraud claims).  Here, for their fraudulent concealment claims, Plaintiffs rely

23   on the same allegations upon which they rely for their fraud claims.  (*Compare* SAC ¶¶ 51 *with id.*

24   ¶¶ 317,  336.)  On its face, this fails to satisfy the pleading requirements for fraudulent

25   concealment; Plaintiffs have alleged no affirmative conduct by the NFL designed to prevent their

26   filing a timely claim "above and beyond the wrongdoing upon which . . . plaintiff[s'] claim is

27   filed."  *Smith*, 2012 WL 1156338, at *6.

28             Plaintiffs' contention that the statute of limitations is tolled by fraudulent concealment fails

                                            11

1   for the independent reason that the allegations lack the required particularity.  Plaintiffs must plead

2   "the who, what, when, where, and how of the alleged concealment" as well as "when the fraud was

3   discovered, the circumstances under which it was discovered, the circumstances indicating that she

4   was not at fault for failing to discover it earlier, and the fact that she had no actual or constructive

5   knowledge of facts sufficient to put her on inquiry." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d

6   1117, 1133-34 (C.D. Cal. 2010) (dismissing state law claims under statute of limitations); *Juniper*

7   *Networks v. Shipley*, No. C 09-0696 SBA, 2009 WL 1381873, at *5 (N.D. Cal. May 14, 2009)

8   (same).  Plaintiffs fail to satisfy this exacting standard.  *See infra* at Sec. II.A.

9           3.      Plaintiffs' Attempt To Avoid The Statute Of Limitations By Adding Hadnot
                    As A Plaintiff Also Fails.
10

11          Plaintiff Hadnot's claims are also time-barred.  Hadnot, whose claims focus on the

12   provision of Toradol, concedes that in 2011 he signed a waiver related to his Toradol use.  (SAC

13   ¶ 219.)  He claims that he "has consistently suffered from severe pain in his left shoulder and both

14   knees, areas where he received dozens, if not hundreds, of Toradol injections while playing in the

15   NFL." (SAC ¶ 49.)  It is implausible to assume that Hadnot was unaware of these allegedly

16   aggravated injuries and chronic pain during his playing days, as they developed.  If, as alleged, he

17   believed that Toradol was risk-free based on the silence of the NFL, he should have been aware of

18   the risk profile of Toradol when team trainers asked him in 2011 to sign an acknowledgment of his

19   informed consent as a condition to receiving the medication.  (SAC ¶ 219.)  Hadnot's claims are

20   therefore also time barred.

21   **II.     PLAINTIFFS FAIL TO PLEAD THEIR FRAUD-BASED CLAIMS WITH THE
             PARTICULARITY REQUIRED BY RULE 9(b).**
22

23          **A.      Rule 9(b) Applies To Plaintiffs' Fraud-Based Claims.**

24          Plaintiffs' third, fourth, fifth and sixth counts for fraud, fraudulent concealment, negligent

25   misrepresentation and negligence *per se* rely on the same alleged course of fraudulent conduct –

26   the alleged failure to disclose risks associated with certain pain medications.  (*See*, *e.g.*, SAC ¶¶ 13,

27   50-51, 87, 242-260, 287, 315-18, 331-32, 336-37, 347-50, 357-58, 364, 366.)  Therefore, each of

28   those claims is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of

12

1  Civil Procedure.[6]  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124, 1127 (9th Cir. 2009)

2  (affirming dismissal under Rule 9(b) of UCL claim grounded in fraudulent nondisclosure); *Arroyo*

3  *v. Pfizer, Inc.*, No. C-12-4030-EMC, 2013 WL 415607, at *8 (N.D. Cal. Jan. 31, 2013) (holding

4  9(b) applied to state law statutory claims because, although fraud was not required, plaintiff based

5  the claims on a unified course of fraudulent conduct); *E&E Co., Ltd. v. Kam Hing Enter., Inc.*, No.

6  C-08-0871 MMC, 2009 WL 482240, at *2-3 (N.D. Cal. Feb. 25, 2009) (holding 9(b) applied to

7  Cartwright Act and UCL claims because they were grounded in "tax fraud"); *Meyer v. Wells Fargo*

8  *Bank, N.A.*, No. C 13-03727, 2014 WL 651836, at * 3 (N.D. Cal. Feb. 19, 2014) (denying leave to

9  amend complaint as futile in part because negligence claim, once stripped of inadequate fraud

10  allegations, would not survive a motion to dismiss); *DeBlasio v. Merrill Lynch & Co., Inc.*, No. 07

11  Civ 318(RJS), 2009 WL 2242605, at *11-12 (S.D.N.Y. July 27, 2009) (applying Rule 9(b) to

12  negligence claims based on allegations of intentional misrepresentations and omissions).

13  Accordingly, Plaintiffs' pleading of each of those claims "as a whole, must satisfy the particularity

14  requirement of Rule 9(b)." *Kearns*, 567 F.3d at 1127.

15  　　　Rule 9(b) requires Plaintiffs to plead the "circumstances constituting fraud" with

16  particularity.  Fed. R. Civ. Proc. 9(b).  Each Plaintiff must plead the "who, what, when, where, and

17  how" of the allegedly fraudulent conduct.  *Kearns*, 567 F.3d at 1124-25.[7]  Fraudulent omission

18  claims do not escape Rule 9(b).  *Id*. at 1127.  "[I]n order to plead the circumstances of omission

19  with specificity, [a] plaintiff must describe the content of the omission and where the omitted

20  information should or could have been revealed" and identify "representations that plaintiff relied

21  on . . . that failed to include the allegedly omitted information." *Eisen v. Porsche Cars N. Am.,*

22  *Inc.*, No. CV 11-9405 CAS (FEMx), 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (dismissing

---

24  　　　[6]　　It is well-established that Rule 9(b)'s particularity requirement applies to state-law causes of action.  *Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 965 (S.D. Cal. 2007).

25  　　　[7]　　"It is well-established in the Ninth Circuit that both claims for fraud and negligent
26  misrepresentation must meet Rule 9(b)'s particularity requirements." *Ward v. Wells Fargo Home Mortg.*, Case No. 14-cv-00887-JCS, 2014 WL 1922082, at *5 (N.D. Cal. May 6, 2014); *Pitre v.*
27  *Wells Fargo Bank, N.A. Mortg. Servicer*, No. C 13-00552 WHA, 2013 WL 2156315, at *5 (N.D. Cal. May 17, 2013) (applying Rule 9(b)'s heightened pleading requirements to negligent
28  misrepresentation claim based on fraud).

1   claim that Porsche fraudulently omitted defect because plaintiff failed sufficiently to allege the

2   specific defect or when defendant became aware of it); *see also Nabors v. Google, Inc.*, No. 5:10-

3   cv-03897 EJD (PSG), 2011 WL 3861893, at *1, *5 (N.D. Cal. Aug. 30, 2011) (plaintiff failed to

4   plead facts sufficient to show Google's fraudulent omission of its mobile phone's allegedly spotty

5   3G connectivity).[8]

6   **B.    Plaintiffs Fail To Plead With Particularity The Circumstances Of The**
    **Allegedly Fraudulent  Omission.**

7

8        Each Plaintiff alleges that he received hundreds if not thousands of injections from doctors

9   and/or pills from trainers and that "[n]o one from the NFL ever talked to him about the side effects

10  of the medications he was being given or 'cocktailing.'"  (SAC ¶¶ 25, 28, 30, 32, 36, 38, 40, 42, 45,

11  48.)  This boilerplate approach fails to satisfy Rule 9(b)'s particularity requirement.  There are no

12  allegations addressing "who" fraudulently omitted the information, what that person knew, when

13  he or she knew it, or when and to whom he or she should have disclosed it.  These are profound

14  and fundamental deficiencies of the SAC.  *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746

15  JF, 2009 WL 1635931, at *9-12 (N.D. Cal. June 5, 2009) (dismissing plaintiffs' fraud, fraudulent

16  concealment and negligent misrepresentation claims with prejudice because their "conclusory

17  allegations do not come close to satisfying the pleading requirements of Rule 9(b)"); *Nabors*, 2011

18  WL 3861893, at *5 (dismissing fraud and negligent misrepresentation claim under 9(b)).

19       Plaintiffs accuse numerous doctors and trainers who served NFL teams over more than

20  four decades of medical malpractice and fraud, but name not a single one.  Plaintiffs refer vaguely

21  to "doctors" and the "NFL" interchangeably, failing to allege specifically who defrauded them.

22  _____

23       [8]    The NFL recognizes that this Court has held that, under certain circumstances, a
    fraud by omission claim may proceed "without the same level of specificity required by a normal
24  fraud claim" under 9(b).  *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007);
    *Graebner v. James*, No. C 12-01694 WHA, 2012 WL 6156729, at *4 (N.D. Cal. Dec. 11, 2012).
25  However, *Falk* and *Graebner* are distinguishable.  In *Falk*, the Plaintiffs specifically identified the
    material facts that were not disclosed about a particular automotive part, and pled detailed facts to
26  support what GM knew about the defects and how it knew it, as well as facts to support that GM
    actively concealed the defects from its customers.  *Falk*, 496 F. Supp. at 1096-97.  In *Graebner*, the
27  plaintiffs identified specific partial representations made by a named individual that were
    misleading without the disclosure of other material facts.  *Graebner*, 2012 WL 6156729, at *5.  As
28  discussed further below, no such specific facts are alleged here.

1    Plaintiffs also fail to allege with particularity what information each team doctor or trainer

2    concealed from the player in the course of his medical care, how that alleged failure to warn was

3    inconsistent with standards prevailing in the medical community at the time the medical advice was

4    rendered, or the circumstances that made that information material to the patient.  These omissions

5    are especially important here because the "circumstances constituting fraud" would have arisen

6    within the confines of literally thousands of individual, private medical consultations between a

7    team doctor and his or her patient (the player).  Whether a particular omission in the course of

8    giving medical advice was "fraudulent" depends on the particular medical history of the player, his

9    medical condition at the time, the injury being treated, and the medication to be provided, among a

10   myriad of other factors.  None of these critical facts is alleged with respect to each Plaintiff.

11             **C.      Plaintiffs Fail To Allege Facts Giving Rise To A Duty To Disclose.**

12             To state a claim for fraud by omission or concealment, Plaintiffs must allege facts giving

13   rise to a duty to disclose.  Rule 9(b)'s particularity requirements apply to this essential element as

14   well.  *See Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at *6-8 (N.D.

15   Cal. June 20, 2013) (dismissing fraudulent concealment claim under Rule 9(b) for failure to plead

16   with particularity a duty to disclose); *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Res. Dev. Serv.,*

17   *Inc.*, No. 5:10-cv-01324-JF/PVT, 2010 WL 4774929, at *5 (N.D. Cal. Nov. 16, 2010) (dismissing

18   fraudulent concealment claim; "Rule 9(b) requires that the source of the duty be pled with

19   particularity").  Under California law,[9] where the claim is nondisclosure or concealment, a duty to

20   disclose arises in four circumstances:  "(1) when the defendant is in a fiduciary relationship with

21   the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the

22   plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when

23   the defendant makes partial representations but also suppresses some material facts." *Heliotis v.*

24   *Schuman*, 181 Cal. App. 3d 646, 651 (1986); *see also LiMandri v. Judkins*, 52 Cal. App. 4th 326,

25

26             [9]      On this motion, the NFL applies California substantive law to Plaintiffs' fraud-based
     claims by way of illustration.  Plaintiffs have not alleged whether any other state's law may apply
27   to their fraud-based claims.  The NFL reserves the right to later contend that one or more other
     states' laws apply to some or all of Plaintiffs' claims.
28

1  336 (1997) (quoting *Heliotis*).

2      Plaintiffs do not allege a fiduciary or other relationship between the NFL and the players

3  that would give rise to a duty to disclose (the first circumstance).  Typically, "a duty to disclose

4  may arise . . . between seller and buyer, employer and prospective employee, doctor and patient, or

5  parties entering into any kind of contractual agreement." *Id.* at 337.  Plaintiffs do not allege that

6  the NFL acted as their doctor or trainer.

7      Plaintiffs do not allege a theory of *respondeat superior* or any other basis for concluding

8  that the NFL is vicariously responsible for the alleged conduct of the team doctors or trainers.  *See*

9  *supra* at Sec. II.B.  Plaintiffs do not, and cannot in good faith allege that the NFL employed the

10  team doctors or trainers.[10]  Plaintiffs have not alleged that the NFL exercised any control over the

11  medical decisions made, treatment provided or warnings given by team doctors.  Even if a

12  particular doctor had been employed by a team, Plaintiffs have alleged no factual basis to hold the

13  <u>NFL</u> responsible for the disclosures or nondisclosures of <u>team</u> employees.  *See RPost Holdings,*

14  *Inc. v. Trustifi Corp.*, No. CV 11-2118-PSG (SHx), 2011 WL 4802372, at *4 (C.D. Cal. Oct. 11,

15  2011) (Rule 9(b) applied to allegations that perpetrator of fraud acted as agent of defendant; agency

16  relationship not plead with particularity); *Palomares v. Bear Stearns Residential Mortg. Corp.*, No.

17  07cv01899 WQH (BLM), 2008 WL 686683, at *4-5 (S.D. Cal. Mar. 13, 2008) (plaintiffs failed to

18  allege with particularity under Rule 9(b) facts to support an agency relationship sufficient to hold

19  defendant liable for misrepresentation of purported agent).

20      Plaintiffs also fail to allege that the NFL possessed "exclusive knowledge of material facts

21  not known to" Plaintiffs (the second circumstance under *LiMandri*).  *Heliotis*, 181 Cal. App. 3d at

22  651.  Plaintiffs refer vaguely to "superior knowledge" of the NFL (SAC ¶¶ 286-87, 333-34, 358,

23  390), alleging that the NFL's duty arises from its "superior position . . . to observe and understand

24

25      [10]    Per the applicable NFL CBAs, the teams, not the NFL, employ players and hire the
doctors and trainers.  Indeed, as the NFL's other motion to dismiss demonstrates, Plaintiffs' legal
26  assertion that the NFL owed the players a duty regarding team medical care requires dismissal of
their claims as preempted by the Labor-Management Relations Act.  For purposes of this motion,
27  the NFL notes that the SAC does not allege, and could not allege, that the NFL employs team
doctors or trainers.
28

1  the substantially-increased risk of addictions and other injuries and illnesses" because of its

2  economic resources and unspecified "troves of data about players and injuries" (SAC ¶ 306).  But

3  they fail to identify who at the NFL had such knowledge, when he or she had it, or what particular

4  knowledge he or she possessed.

5      Such conclusory allegations do not satisfy Rule 9(b).  For example, in dismissing claims

6  against manufacturers for alleged nondisclosure of product defects, a court in this district held that

7  "[t]o comport with Rule 9(b), a plaintiff alleging the existence of a duty to disclose must offer

8  'specific substantiating facts' demonstrating that the defendant has 'exclusive knowledge' about an

9  alleged defect—not merely that the defendant has a superior understanding about the product's

10  design generally."  *Taragan*, 2013 WL 3157918, at *6-7 ("[p]laintiffs must allege specific facts that

11  they claim should have alerted [defendant] that the [product] was, in fact, defective"); *see also*

12  *Tietsworth v. Sears, Roebuck and Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *4

13  (N.D. Cal. Oct. 13, 2009) ("Nor can Plaintiffs establish a duty by pleading, in purely conclusory

14  fashion, that Defendants were in a 'superior position to know the truth about the Machines' and

15  'actively concealed' the defect.").

16      Plaintiffs point to the 2002 Tokish Study and the 2012 recommendations of the Matava task

17  force.  (*See, e.g.*, SAC ¶¶ 126-37, 308-12.)  But these studies, which were published and available

18  to the public, by definition were not within the <u>exclusive</u> knowledge of the NFL.  *Wolph v. Acer*

19  *Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467, at *4 (N.D. Cal. Sept. 14, 2009) ("Plaintiffs

20  have not alleged any information known by [defendant] that was unavailable to the public.").

21      Plaintiffs do not allege that the NFL took any "active" or affirmative steps to conceal

22  material information from them (third circumstance under *LiMandri*).  *See Herron v. Best Buy Co.*

23  *Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) ("Mere nondisclosure does not constitute active

24  concealment"; "to state a claim for active concealment, Plaintiff must allege specific 'affirmative

25  acts on the part of the [D]efendants in hiding, concealing or covering up the matters complained

26  of'") (citations omitted); *Taragan*, 2013 WL 3157918, at *7 ("An allegation of active concealment

27  must plead more than an omission"; holding plaintiffs failed adequately to allege existence of duty

28  to disclose based on conclusory and unsupported allegation that Nissan "actively concealed" the

17

1  defect).  Plaintiffs also do not allege any affirmative misrepresentations to them, partial or

2  otherwise (fourth circumstance).  Plaintiffs fail to plead with particularity a factual basis for the

3  NFL's alleged duty to disclose.

4         **D.**    **Plaintiffs Fail To Plead Actual Reliance**

5        Each Plaintiff must plead and prove that "had the omitted information been disclosed, [he]

6  would have been aware of it and behaved differently."  *Mirkin v. Wasserman*, 5 Cal. 4th 1082,

7  1093 (1993); *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1043 (9th Cir. 2010)

8  (affirming dismissal of fraud by omission claim for failure to plead actual reliance).  Plaintiffs fail

9  to do so.  As the Ninth Circuit put it in *Shroyer*, Plaintiffs "do[] not allege that, if [the NFL] had

10  included the omitted information . . . , [they] would have acted differently."  *Id.*; *see also Trans*

11  *Pac. Nat'l Bank v. UBS AG*, No. C 09-4617 SBA, 2010 WL 2354165, at *4 (N.D. Cal. June 9,

12  2010) (dismissing negligent misrepresentation claim in part because plaintiff failed to plead it

13  would not have entered transaction if it knew the allegedly omitted information).  Because

14  Plaintiffs have not alleged that they would have behaved differently if the claimed risks of the

15  medications had been disclosed to them at the time, their fraud-based claims fail for this

16  independent reason.

17  **III.**    **PLAINTIFFS FAIL ADEQUATELY TO PLEAD THEIR NEGLIGENT HIRING**
18          **AND RETENTION CLAIMS.**

19        As a threshold matter, Plaintiffs' claims for negligent hiring and retention fail because such

20  claims may be brought only against the entity that employed the alleged offender.  *Taylor v. Ron's*

21  *Liquors, Inc.*, No. C 10-00694 SI, 2010 WL 4010140, at *3 (N.D. Cal. Oct. 13, 2010) (dismissing

22  with prejudice negligent hiring and retention claims against individuals involved in hiring and

23  supervision, not the employer); *see also Phillips v. TLC Plumbing, Inc.* 172 Cal. App. 4th 1133,

24  1142-43 (2009) (existence of an employment relationship is an essential element of duty in

25  negligent hiring and retention claims).  Plaintiffs have not alleged, and could not in good faith

26  allege that the NFL hired or retained the team doctors.

27        Independently, Plaintiffs' claims for negligent hiring and retention fail because Plaintiffs

28  fail to identify the employees, *i.e.* the doctors and trainers, allegedly negligently hired or retained.

18

1   *McFadden v. Deutsche Bank Nat. Trust Co.*, No. 2:10-cv-03004 JAM KJN PS, 2011 WL 3606797,

2   at *13 (E.D. Cal. Aug. 16, 2011) (dismissing plaintiffs' negligent hiring and retention claims where

3   plaintiffs failed to "identify . . . specific employees that were negligently hired, supervised, trained,

4   or retained."); *O'Connor v. Capital One, N.A.*, CV 14-00177-KAW, 2014 WL 2215965, at *9

5   (N.D. Cal. May 29, 2014) ("Plaintiff fails to plead any facts to establish that Defendant owed him a

6   duty of care, as he does not name specific employees, does not identify the alleged incompetence,

7   or otherwise describe the conduct giving rise to this cause of action.").

8       In addition, liability for negligent hiring arises only if the employer "knew or should have

9   known that hiring the employee created a particular risk or hazard and that particular harm

10  materializes."  *Delfino v. Agilent Tech. Inc.*, 145 Cal. App. 4th 790, 815 (2006).  Here, Plaintiffs do

11  not allege, for any one of the hundreds of team doctors or trainers hired by teams over the past four

12  decades, that the NFL knew or should have known that he or she was incompetent or created a risk

13  that Plaintiffs would be "deceived about the nature and magnitude of the dangers to which they

14  were subjected by the Medications."  (SAC ¶¶ 391, 398.)  *See Cuviello v. Feld Entm't, Inc.*, Case

15  No. 13-cv-03135-LHK, 2014 WL 1379849, at *5 (N.D. Cal. Apr. 7, 2014) (dismissing negligent

16  supervision claim because plaintiff failed to allege any facts to establish that defendant had reason

17  to believe that its employees were unfit or incompetent at the time they were hired); *Robinson v.*

18  *HD Supply, Inc.*, No. 2:12-cv-00604-GEB-CKD, 2012 WL 3962502, at *7 (E.D. Cal. Sept. 10,

19  2012) (dismissing negligent hiring and retention claim because plaintiff failed to allege facts

20  supporting claim that employer knew or should have known that hiring or retaining supervisor

21  created the risk that later allegedly materialized).

22  **IV.    PLAINTIFFS LACK STANDING TO ASSERT LOSS OF CONSORTIUM CLAIMS**
23       **ON BEHALF OF THEIR SPOUSES.**

24       Plaintiffs' loss of consortium claims should be dismissed under Rule 12(b)(1) because

25  Plaintiffs lack standing to assert the claims on behalf of their spouses.  Plaintiffs' attempt to include

26  spouses of former players in the putative class is not sufficient to cure the standing problem.  *See*

27  *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003) (instructing that "named plaintiffs who represent a

28  class must allege and show that they *personally* have been injured, not that injury has been suffered

19

1   by other, unidentified members of the class"); *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (actual-

2   injury requirement not relaxed in class actions; "that a suit may be a class action . . . adds nothing

3   to the question of standing").

4   **V.    PLAINTIFFS' MEDICAL MONITORING CLAIM FAILS AS A MATTER OF**

5   **CALIFORNIA LAW.**

6        Plaintiffs' medical monitoring claim should be dismissed because California does not

7   recognize medical monitoring as an independent cause of action.  *Potter v. Firestone Tire &*

8   *Rubber Co.*, 6 Cal. 4th 965, 1007 (1993) ("Recognition that a defendant's conduct has created the

9   need for future medical monitoring does not create a new tort.  It is simply a compensable item of

10  damage when liability is established under traditional tort theories of recovery.").

11  **VI.   PLAINTIFFS' DECLARATORY RELIEF CLAIM FALLS WITH THE OTHER**

12  **DEFECTIVE CLAIMS.**

13       Plaintiffs' claim for declaratory relief falls with Plaintiffs' other claims because declaratory

14  relief is a remedy and not an independent basis for recovery.  *Carnero v. Fed. Home Loan Mortg.*

15  *Corp.*, No. C 11-01029 WHA, 2012 WL 177560, at *6 (N.D. Cal. Jan. 23, 2012) (dismissing

16  declaratory relief claim because each of plaintiff's other claims for recovery failed); *Kenery v.*

17  *Wells Fargo, N.A.*, No. 5:13-cv-02411-EJD, 2014 WL 129262, at *5 (N.D. Cal. Jan. 14, 2014)

18  (declaratory relief claim "rises or falls with the other claims").

19       Furthermore, because Plaintiffs' claim for declaratory relief is redundant of their other

20  claims, the Court should dismiss the count as unnecessary.  *See Cota v. United States*, No. C 13-

21  00576 JSW, 2013 WL 6234574, at *6 (N.D. Cal. Dec. 2, 2013) (dismissing claim for declaratory

22  relief because it was "entirely commensurate with the relief sought by his claims for violation of

23  Due Process and the Administrative Procedure Act" and therefore duplicative and unnecessary);

24  *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) (dismissing

25  declaratory relief count because a determination on such a claim would be "entirely redundant"

26  with the relief sought under plaintiffs' other causes of action including fraud, constructive fraud,

27  intentional misrepresentation, concealment, negligent misrepresentation and negligence).

28

1

## CONCLUSION

2    Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

3    Date:  September 25, 2014          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4

5                                      By: */s/ Allen J. Ruby*_____
                                           Allen J. Ruby
6                                          Attorneys for Defendant
                                           NATIONAL FOOTBALL LEAGUE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NFL'S MOT. TO DISMISS SAC - TIME-BAR/FAILURE TO STATE CLAIM          Case No.: 3:14-cv-02324-WHA
476390-PALSR01A - MSW