ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, California 95032
Telephone:  (408) 888-7087

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

DANIEL L. NASH (*pro hac vice*)
dnash@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE

[Counsel for Plaintiffs Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD DENT, ET AL., | Case No.: 3:14-CV-02324-WHA |
| Plaintiffs, | |
| v. | **JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING DISCOVERY** |
| NATIONAL FOOTBALL LEAGUE, | |
| Defendant. | Courtroom:  12 (19th floor)<br>Judge:         Honorable William Alsup |

STIPULATION AND [PROPOSED] ORDER                    CASE NO.: 3:14-CV-02324-WHA

Defendant National Football League ("Defendant") and Plaintiffs Richard Dent, et al. ("Plaintiffs") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, this action was filed on May 20, 2014, and discovery proceeded in the fall of 2014;

WHEREAS, Defendant filed two motions to dismiss on September 25, 2014, one of which was granted on December 17, 2014. Plaintiffs appealed the judgment to the Ninth Circuit on January 17, 2015;

WHEREAS, while the instant action was on appeal to the Ninth Circuit, plaintiffs representing a similar putative class and plaintiffs' counsel[1] filed *Evans, et al. v. Arizona Cardinals, et al.*, in the United States District Court for the District of Maryland. On March 1, 2016, that case was transferred to this Court and became *Evans, et al. v. Arizona Cardinals, et al.*, No. 3:16-cv-01030 (N.D. Cal.) (the "*Evans* litigation"). On March 16, 2016, the *Evans* litigation was related to the instant case;

WHEREAS, the Ninth Circuit reversed the Court's December 17, 2014 dismissal order and remanded this action in a mandate that issued on October 5, 2018;

WHEREAS, Plaintiffs filed a Third Amended Complaint on December 5, 2018;

WHEREAS, Defendant filed a motion to dismiss on January 16, 2019, which was granted on April 18, 2019. Plaintiffs appealed the judgment to the Ninth Circuit on May 14, 2019;

WHEREAS, the Ninth Circuit affirmed-in-part and reversed-in-part the Court's April 18, 2019 dismissal order and remanded this action in a mandate that issued on August 31, 2020;

WHEREAS, Defendant filed a motion to dismiss the Third Amended Complaint on November 25, 2020, which was denied on February 19, 2021;

---

[1] Plaintiffs' counsel in the instant action (Silverman Thompson Slutkin White, LLC; Namanny Byrne and Owens; and Robbins Geller Rudman & Dowd LLP) also represented the plaintiffs in the *Evans* litigation. Defendant's counsel in the instant action (Allen Ruby; Skadden, Arps, Slate, Meagher & Flom LLP; and Akin Gump Strauss Hauer & Feld LLP) also represented the defendants in the *Evans* litigation.

1

WHEREAS, on February 19, 2021 the Court issued a case management order that set a class certification motion deadline of May 6, 2021, and a non-expert discovery cut-off date of August 20, 2021;

WHEREAS, significant discovery took place in the *Evans* litigation, including non-expert and expert discovery, that may be relevant to the instant action;

WHEREAS, discovery in the *Evans* litigation was subject to a Stipulated Protective Order that was approved by this Court subject to certain conditions on August 26, 2016;

WHEREAS, on August 14, 2014, the Court approved the Parties' Stipulated Protective Order in this action, subject to the same conditions as in the *Evans* litigation;

WHEREAS, the protective orders in both actions are substantively identical and provide for the protection of "CONFIDENTIAL" information and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information;[2]

WHEREAS, the Parties seek to efficiently conduct non-expert and expert discovery in this action by using the discovery conducted in the *Evans* litigation, subject to the stipulated terms set forth below;

WHEREAS, the Parties in this action have obtained written consent from all parties in the *Evans* litigation to the use of that discovery in this action, subject to the stipulated terms set forth below.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the respective Parties hereto, that:

1. All of the non-expert and expert discovery produced by and to the plaintiffs and defendants in the *Evans* litigation, including, but not limited to, all written discovery responses, produced documents, expert reports, and deposition transcripts

---

[2] The definitions of "CONFIDENTIAL" information and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information are substantively the same in both stipulated protective orders, except that the "CONFIDENTIAL" designation in the *Evans* litigation includes an additional option to designate information as "PHI CONFIDENTIAL," which the *Evans* protective order treats the same as "CONFIDENTIAL" information.

(hereinafter, the "*Evans* Discovery"), is hereby deemed produced in this action, subject to the conditions set forth below;

2. For purposes of this action, non-expert witnesses deposed in *Evans* are to be considered "deponent[s] . . . already . . . deposed" for purposes of Federal Rule of Civil Procedure 30(a)(2)(A)(ii);

3. Interrogatories served in the *Evans* litigation shall not be considered for purposes of evaluating the total number of interrogatories permitted in this action pursuant to Federal Rule of Civil Procedure 33(a)(1);

4. The Parties are not obligated to supplement any *Evans* Discovery on the basis of any discovery request in the *Evans* litigation;

5. Nothing in this stipulation shall be deemed a waiver by Plaintiffs or Defendant of any objection to the relevance, authenticity, or admissibility in evidence in this action of any *Evans* Discovery at trial or in any pre-trial proceeding, pleading, or motion;

6. Nothing in this stipulation shall relieve Plaintiffs or Defendant from producing documents, data and information that is responsive to written discovery requests in this action and that was not produced in the *Evans* litigation, subject to Plaintiffs' and Defendant's objections, which are not waived by this stipulation;

7. Nothing in this stipulation or in the *Evans* Discovery shall be deemed an admission of, or a waiver of any objection to, either party's obligation to respond to any discovery request in this action; and

8. The production of the *Evans* Discovery to Plaintiffs shall be subject to the Parties' Stipulated Protective Order in this action.  Therefore, discovery items that are marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in *Evans* shall likewise be deemed to have been so marked by the producing party in this action pursuant to the Parties' Stipulated Protective Order.[3]  Nothing in

---

[3] And, as in the *Evans* Stipulated Protective Order, information designated "PHI CONFIDENTIAL" in the *Evans* litigation shall be treated the same as information designated "CONFIDENTIAL" in the *Evans* litigation.

3

this paragraph, however, shall be deemed to be a waiver of any objection to production in this case, including but not limited to attorney-client privilege, or attorney work product, even if such objection was not made in the *Evans* litigation or if any discovery in the *Evans* litigation was inadvertently produced.

Dated: April 16, 2021              By:            */s/ William N. Sinclair*
                                   SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC

                                   William N. Sinclair (SBN 222502)
                                   bsinclair@mdattorney.com
                                   Steven D. Silverman (Admitted Pro Hac Vice)
                                   ssilverman@mdattorney.com
                                   Andrew G. Slutkin (Admitted Pro Hac Vice)
                                   aslutkin@mdattorney.com
                                   Joseph F. Murphy, Jr. (Admitted Pro Hac Vice)
                                   jmurphy@mdattorney.com
                                   Phillip J. Closius (Admitted Pro Hac Vice)
                                   pclosius@mdattorney.com
                                   SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
                                   201 North Charles Street, Suite 2600
                                   Baltimore, MD 21201
                                   Telephone: (410) 385-2225
                                   Facsimile: (410) 547-2432

                                   Mel T. Owens (SBN 226146)
                                   mowens@nbolaw.com
                                   NAMANNY BYRNE & OWENS, P.C.
                                   2 South Pointe Drive, Suite 245
                                   Lake Forest, CA 92630
                                   Telephone: (949) 452-0700
                                   Facsimile: (949) 452-0707

                                   Stuart A. Davidson (Admitted Pro Hac Vice)
                                   sdavidson@rgrdlaw.com
                                   Mark J. Dearman (Admitted Pro Hac Vice)
                                   MDearman@rgrdlaw.com
                                   ROBBINS GELLER RUDMAN & DOWD LLP
                                   120 E. Palmetto Park Road, Suite 500
                                   Boca Raton, FL 33432
                                   Telephone: (561) 750-3000
                                   Facsimile: (561) 750-3364

                                   Attorneys for Plaintiffs
                                   RICHARD DENT, ET AL.

Dated: April 16, 2021              By:            */s/ Jack P. DiCanio*
                                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                   Jack P. DiCanio (SBN 138782)
                                   jack.dicanio@skadden.com

4

**STIPULATION AND [PROPOSED] ORDER**                    **CASE NO.: 3:14-CV-02324-WHA**

525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Allen Ruby (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, California 95032
Telephone:  (408) 888-7087

Daniel L. Nash (Admitted Pro Hac Vice)
dnash@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

DATED: April 16, 2021                    */s/ Jack P. DiCanio*
                                          Jack P. DiCanio

## [PROPOSED] ORDER

Pursuant to the forgoing stipulation of the Parties, **IT IS SO ORDERED.**

Dated: _____, 2021    _____
HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE