1  William N. Sinclair (SBN 222502)
     (bsinclair@mdattorney.com)
2  Steven D. Silverman (admitted *pro hac vice*)
     (ssilverman@mdattorney.com)
3  Andrew G. Slutkin (admitted *pro hac vice*)
     (aslutkin@mdattorney.com)
4  Joseph F/ Murphy, Jr. (admitted *pro hac vice*)
     (jmurphy@mdattorney.com)
5  Phillip J. Closius (admitted *pro hac vice*)
     (pclosius@mdattorney.com)
6  **SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC**
7  201 N. Charles Street, Suite 2600
   Baltimore, MD 21201
8  Telephone: 410/385-2225                   Stuart A. Davidson (admitted *pro hac vice*)
   410/547-2432 (fax)                          (sdavidson@rgrdlaw.com)
9                                            Mark J. Dearman (admitted *pro hac vice*)
10 Mel T. Owens (SBN 226146)                   (mdearman@rgrdlaw.com)
     (mowens@nbolaw.com)                     **ROBBINS GELLER RUDMAN**
11 **NAMANNY BYRNE & OWENS, P.C.**            **& DOWD LLP**
   2 South Pointe Drive, Suite 245           120 East Palmetto Park Road, Suite 500
12 Lake Forest, CA 92630                     Boca Raton, FL 33432
   Telephone: 949/452-0700                   Telephone: 561/750-3000
13 949/452-0707 (fax)                        561/750-3364 (fax)

14 Attorneys for Plaintiffs and Proposed Class Counsel

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18 | RICHARD DENT, *et al.*, Individually and on ) | Case No. 3:14-cv-02324-WHA-JCS
   | Behalf of All Others Similarly Situated, )
19 |                                          ) | DECLARATION OF STUART A.
   |                    Plaintiffs, )           | DAVIDSON IN SUPPORT OF
20 |                                          ) | ADMINISTRATIVE MOTION TO FILE
   |     vs.                                  ) | UNDER SEAL (ECF NO. 174)
21 |                                          )
22 | NATIONAL FOOTBALL LEAGUE, a New )
   | York Unincorporated Association, )
23 |                                          )
   |                    Defendant. )
24

I, Stuart A. Davidson, declare as follows:

1. I am an attorney admitted to practice in the states of Florida and Minnesota and *pro hac vice* before this Court. I am a member of the law firm Robbins Geller Rudman & Dowd LLP and co-counsel for Plaintiffs in this action. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently testify thereto.

2. I submit this Declaration pursuant to Northern District of California Local Rule 79-5(e) in support of Defendant National Football League's ("NFL" or "Defendant") Administrative Motion to File Under Seal (ECF No. 174) ("Administrative Motion").

3. By its Administrative Motion, the NFL seeks to file under seal 38 separate exhibits in support of its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 175) ("Opposition"), each attached to the Declaration of Gregory W. Knopp (ECF No. 175-1) ("Knopp Declaration").

4. The following portions of the NFL's Opposition and the following Exhibits attached to the Knopp Declaration are items Plaintiffs respectfully submit should be sealed for the reasons set forth herein:

| Document to be Sealed | Portion(s) to be Sealed |
|---|---|
| Opposition to Plaintiffs' Motion for Class Certification | Page 2, Lines 20-24, 27-28; Page 3, Lines 1-3; Page 5, Lines 27-28; Page 6, Lines 2-4, 6-7, 9-14, 19-28; Page 7, Lines 1-14; Page 24, Lines 18-22, 24-28; Page 25, Lines 1-3, 5-21 and n.10; Page 26, Lines 5-9, 11-16, 18-19, 21-24, 28; Page 27, Lines 1-15; Page 29, Lines 17-27; Page 30, Lines 19-27; and Page 34, Lines 7-19. |
| Exhibit 1, Excerpts from the Deposition of Absent Class Member Steve Lofton | Entire exhibit |
| Exhibit 3, Excerpts from the Deposition of Absent Class Member Troy Sadowski | Entire exhibit |
| Exhibit 4, Excerpts from the Deposition of Plaintiff Jeremy Newberry | Entire exhibit |

| | | |
|---|---|---|
| 1 | Exhibit 5, Excerpts from the Deposition of Plaintiff Marcellus Wiley | Entire exhibit |
| 2 | Exhibit 6, Excerpts from the Deposition of Plaintiff Keith Van Horn | Entire exhibit |
| 3 | Exhibit 7, Excerpts from the Deposition of Plaintiff Ron Pritchard | Entire exhibit |
| 4 | Exhibit 8, Excerpts from the Deposition of Plaintiff James McMahon | Entire exhibit |
| 5 | Exhibit 9, Workers' Compensation Claim of Plaintiff Jeremy Newberry | Entire exhibit |
| 6 | Exhibit 10, Application for Bert Bell/Pete Roselle NFL Player Retirement Plan of Plaintiff Jeremy Newberry | Entire exhibit |
| 7 | Exhibit 11, February 9, 2012 letter from Bert Bell/Pete Rozelle NFL Player Retirement Plan approving Plaintiff Jeremy Newberry's Application for Disability Benefits | Entire exhibit |
| 8 | Exhibit 12, Letters from the NFL Player Disability & Neurocognitive Benefit Plan to Plaintiff Jeremy Newberry | Entire exhibit |
| 9 | Exhibit 13, Application for Bert Bell/Pete Rozelle NFL Player Retirement Plan of Plaintiff Roy Green | Entire exhibit |
| 10 | Exhibit 14, Excerpts from the Deposition of Plaintiff J.D. Hill | Entire exhibit |
| 11 | Exhibit 15, January 12, 2012 Compromise and Release Agreement in Workers' Compensation Claim filed by Plaintiff Marcellus Wiley | Entire exhibit |
| 12 | Exhibit 16, May 27, 2010 Letter from Bert Bell/Pete Rozelle NFL Player Retirement Plan approving Plaintiff Marcellus Wiley's Application for Disability Benefits | Entire exhibit |
| 13 | Exhibit 17, Excerpts from the Deposition of Plaintiff Ron Stone | Entire exhibit |
| 14 | Exhibit 18, January 11, 2011 Compromise and Release Agreement in Workers' Compensation Claim filed by Absent Class Member Chris Goode | Entire exhibit |
| 15 | Exhibit 19, Excerpts from the Deposition of Absent Class Member Gerald Wunsch | Entire exhibit |
| 16 | Exhibit 20, Excerpts from the Deposition of Absent Class Member Duriel Harris | Entire exhibit |
| 17 | Exhibit 21, Excerpts from the Deposition of Absent Class Member Cedric Killings | Entire exhibit |
| 18 | Exhibit 22, Excerpts from the Deposition of Absent Class Member Alphonso Carreker | Entire exhibit |

| | |
|---|---|
| Exhibit 23, Excerpts from the Deposition of Absent Class Member Chris Goode | Entire exhibit |
| Exhibit 24, Excerpts from the Deposition of Absent Class Member Eric King | Entire exhibit |
| Exhibit 25, Excerpts from the Deposition of Absent Class Member Robert Massey | Entire exhibit |
| Exhibit 26, Excerpts from the Deposition of Absent Class Member Charles Evans | Entire exhibit |
| Exhibit 27, Excerpts from the Deposition of Absent Class Member Reggie Walker | Entire exhibit |
| Exhibit 28, Excerpts from the Deposition of Plaintiff Richard Dent | Entire exhibit |
| Exhibit 29, Excerpts from the Deposition of Absent Class Member Jeffrey Graham | Entire exhibit |
| Exhibit 30, Excerpts from the Expert Deposition of Dr. John Marzo | Entire exhibit |
| Exhibit 32, Excerpts from the Expert Deposition of Mei Sheng Duh, MPH, ScD | Entire exhibit |
| Exhibit 33, Excerpts from the Expert Deposition of Stanley J. Schneller, MD | Entire exhibit |
| Exhibit 34, Excerpts from the Expert Deposition of Dr. Thomas DeBerardino | Entire exhibit |
| Exhibit 35, Excerpts from the Expert Deposition of Leslie Z. Benet, Ph. D. | Entire exhibit |
| Exhibit 37, October 7, 2011 Qualified Medical Evaluation of Plaintiff Richard Dent | Entire exhibit |

5. Because N.D. Cal. Civ. L.R. 79-5(b) requires that "[t]he request must be narrowly tailored to seek sealing only of sealable material," Plaintiffs only seek the sealing of the above items and take no position on the sealing of the following items:

- Exhibit 2;
- Exhibit 31;
- Exhibit 36; and
- Exhibit 38.

6. While there is a "general right to inspect and copy public records and documents, including judicial records[,]" *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978), such a right is "not absolute and can be overridden given sufficiently compelling reasons for doing

so[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).[1] In deciding whether a document should be sealed, the Court must consider and weigh "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

7. The "compelling reasons" standard typically applies to motions to seal documents relating to class certification when the documents are "more than tangentially related to the merits of the case." *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018); *see also A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (collecting cases). That being said, the documents Plaintiffs seek to seal are not directly or tangentially related to the merits of the underlying Motion for Class Certification, which seeks certification on general issues relating to the NFL's alleged voluntary negligence (duty, breach, and general causation).

8. Records that are merely "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). Regardless of which standard applies, sealing is warranted.

9. For purposes of complying with the Local Rules, each category of document sought to be sealed will be described below, along with the compelling reasons and/or good cause for sealing each type of document.

10. With respect to deposition testimony and references to ***Plaintiffs' private financial information***, such information should be sealed because public disclosure of these items could result in substantial harm to Plaintiffs. These documents pertain to private and highly sensitive financial information, including workers' compensation claims and benefits, disability claims and

---

[1] Citations, internal quotations, and footnotes omitted and emphasis added unless noted otherwise.

benefits, retirement claims and benefits, and information relating to settlements of such claims. While Plaintiffs maintain that such documents are not more than tangentially related to the merits of the case at the class certification stage, such that only good cause need be shown to seal them, compelling reasons to seal them nonetheless exist. "[P]ublic interest in understanding the judicial process" is not served in knowing irrelevant information, such as how much a particular Plaintiff received or receives in disability payments, workers' compensation payments, retirement benefits, or from legal settlements in unrelated matters. *See Foltz*, 331 F.3d at 1135 ("courts should consider . . . the public interest in understanding the judicial process"). On the other hand, Plaintiffs seek to seal this information because Plaintiffs are of old age and overall poor health, leaving them particularly vulnerable to being taken advantage of. Having this private financial information made publicly available makes them targets for unscrupulous individuals who may seek to take advantage of their financial and medical situation, and could result in substantial harm. *See, e.g.*, *Lauris v. Novartis AG*, No. 1:16-cv-00393-SEH-SAB, 2018 U.S. Dist. LEXIS 184155, at *6-9 (E.D. Cal. Oct. 26, 2018) (sealing the amount of a settlement and finding that the plaintiff's age (high school senior) made her particularly vulnerable to being taken advantage of). In addition, publicizing such information may discourage other Class Members from filing workers' compensation and disability claims, and settling other unrelated but ongoing litigation. *See id.* (also finding that publicly disclosing the amount of the settlement would discourage settlements). Accordingly, to avoid these substantial harms, Plaintiffs respectfully request the following items be sealed on this basis:

- Page 6, Lines 19-28 (discussion of various Plaintiffs' private financial information relating to workers' compensation payments, disability benefits, and retirement benefits);
- Page 7, Lines 1-14 (same);
- Exhibit 4 (discussion of Plaintiff Jeremy Newberry's private financial information relating to disability and workers' compensation benefits);
- Exhibit 7 (discussion of Plaintiff Ron Prichard's private financial information relating to disability benefits);

- Exhibit 8 (discussion of Plaintiff James McMahon's private financial information relating to workers' compensation and retirement benefits);
- Exhibit 9 (discussion of Plaintiff Jeremy Newberry's private financial information relating to workers' compensation application and benefits);
- Exhibit 10 (discussion of Plaintiff Jeremy Newberry's private financial information relating to retirement plan application);
- Exhibit 11 (discussion of Plaintiff Jeremy Newberry's private financial information relating to retirement plan approval and benefits);
- Exhibit 12 (discussion of Plaintiff Jeremy Newberry's private financial information relating to disability benefits);
- Exhibit 14 (discussion of Plaintiff J.D. Hill's private financial information relating to monetary settlements, disability benefits, and workers' compensation applications and benefits);
- Exhibit 15 (discussion of Plaintiff Marcellus Wiley's private financial information relating to monetary settlements, disability benefits, and workers' compensation applications and benefits);
- Exhibit 16 (discussion of Plaintiff Marcellus Wiley's private financial information relating to retirement and disability benefits);
- Exhibit 17 (discussion of Plaintiff Ron Stone's private financial information relating to disability, retirement, and workers' compensation benefits); and
- Exhibit 37 (discussion of Plaintiff Richard Dent's private financial information relating to workers' compensation application and benefits).

11. With respect to deposition testimony and references to ***Plaintiffs' private medical records, histories, and conditions***, disclosure of such information at this time does not serve any public interest, and sealing is warranted. Plaintiffs acknowledge that documents relating to Plaintiffs' medical histories and injuries may eventually be related to the merits of Plaintiffs' case at a later stage in these proceedings – such as summary judgment or trial – however, at the class certification stage, they are not at all related to the merits of the Motion for Class Certification,

and the public does not yet have any interest in such documents. A predominant consideration for the Court is whether the information sought to be sealed would assist the public "in understanding the judicial process[.]" *Foltz*, 331 F.3d at 1135. But where, as here, Plaintiffs' sensitive medical information is not necessary for the Court to determine class certification of the NFL's duty, breach, or issues of general causation, the information does not assist the public in understanding the Court's decision-making process. On the other hand, Plaintiffs have a considerable and compelling interest in maintaining their privacy. *See A.B.*, 441 F. Supp. 3d at 907 (sealing plaintiffs' and absent class members' private health information); *see also Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019) ("Courts have found a party's privacy interests in [medical] records to outweigh the public's interest in access.") (collecting cases), *aff'd*, 826 F. App'x 643 (9th Cir. 2020). For as long as Plaintiffs' medical histories and injuries are not directly at issue, there is little, if any, public interest served in allowing the public access into the intimate and deeply private medical information Plaintiffs seek to seal and a compelling interest in keeping it private. Accordingly, Plaintiffs respectfully request the following items be sealed on this basis:

- Page 6, Lines 2-4, 6-7, 9-14, 19-28 (discussion of several Plaintiffs' private health information);
- Page 7, Lines 1-14 (discussion of several Plaintiffs' private health information);
- Page 24, Lines 24-27 (discussion of Plaintiffs Jeremy Newberry's and Marcellus Wiley's private health information);
- Page 25, Lines 5-12 (discussion of several Plaintiffs' private health information);
- Page 26, Lines 6-7, 12-15, 21-24, 28 (discussion of several Plaintiffs' private health information);
- Page 27, Lines 1-15 (discussion of several Plaintiffs' private health information);
- Page 29, Lines 17-23 (discussion of several Plaintiffs' private health information);
- Page 34, Lines 7-19 (discussion of several Plaintiffs' private health information);
- Exhibit 4 (discussion of Plaintiff Jeremy Newberry's private health information);
- Exhibit 5 (discussion of Plaintiff Marcellus Wiley's private health information);
- Exhibit 6 (discussion of Plaintiff Keith Van Horne's private health information);

1    • Exhibit 7 (discussion of Plaintiff Ron Pritchard's private health information);
2    • Exhibit 8 (discussion of Plaintiff James McMahon's private health information);
3    • Exhibit 9 (discussion of Plaintiff Jeremy Newberry's private health information);
4    • Exhibit 10 (same);
5    • Exhibit 11 (same);
6    • Exhibit 12 (same);
7    • Exhibit 14 (discussion of Plaintiff J.D. Hill's private health information);
8    • Exhibit 15 (discussion of Plaintiff Marcellus Wiley's private health information);
9    • Exhibit 16 (same);
10   • Exhibit 17 (discussion of Plaintiff Ron Stone's private health information);
11   • Exhibit 28 (discussion of Plaintiff Richard Dent's private health information);
12   • Exhibit 32 (discussion of several Plaintiffs' private health information); and
13   • Exhibit 37 (discussion of Plaintiff Richard Dent's private health information).

14          12.     With respect to deposition testimony and references to **other retired NFL players' medical records, histories, and conditions**, such information is "deemed confidential" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), *Pratt v. Gamboa*, No. 17-CV-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020), and these other retired NFL players do not wish to waive their rights to confidentiality of such information. Moreover, courts "routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records." *Id.* (citing cases). Much like Plaintiffs' private medical information discussed above, the private medical information of other retired NFL players is sealable, and compelling reasons exist to seal such records. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (*sua sponte* sealing medical records deemed confidential under HIPAA and finding that the need to protect the non-party patient's confidential medical information outweighs any necessity for disclosure). In fact, these documents are even less tangentially related to the merits of the case, since they are not from Plaintiffs, but instead from absent Class Members. *See id.* Moreover, a large portion of these documents come from discovery taken in the now-dismissed related action, *Evans v. Arizona*

1  *Cardinals Football Club, LLC*, No. 3:16-cv-01030-WHA (N.D. Cal.), which was produced to the
2  parties pursuant to a Stipulated Protective Order, and which has been incorporated into this matter.
3  *See* ECF Nos. 165 (Joint Stipulation and [Proposed] Order Concerning Discovery), 168 (Order
4  granting ECF No. 165).  Accordingly, Plaintiffs respectfully request the following items be sealed
5  on this basis:

- Page 2, Lines 20-24, 27-28 (discussion of Absent Class Member Steve Lofton's private health information);
- Page 3, Lines 1-3 (same);
- Page 5, Lines 26-28 (discussion of Absent Class Member Troy Sadowski's private health information);
- Page 6, Lines 27-28 (discussion of Absent Class Member Roy Green's private health information);
- Page 7, Lines 1-14 (discussion of several Absent Class Members' private health information);
- Page 24, Lines 18-22, 27-28 (discussion of several Absent Class Members' private health information);
- Page 25, Lines 1-3, 12-21 and n.10 (discussion of several Absent Class Members' private health information);
- Page 26, Lines 5-19, 24, 28 (discussion of several Absent Class Members' private health information);
- Page 27, Lines 1-15 (discussion of several NFL players' private health information);
- Page 29, Lines 23-28 (discussion of several Absent Class Members' private health information);
- Page 30, Lines 19-27 (discussion of Absent Class Members Alphonso Carreker's and Reggie Walker's private health information);
- Exhibit 1 (Excerpts from the Deposition of Absent Class Member Steve Lofton);
- Exhibit 3 (Excerpts from the Deposition of Absent Class Member Troy Sadowski);

- Exhibit 13 (discussion of Absent Class Member Roy Green's private health information);
- Exhibit 18 (discussion of Absent Class Member Chris Goode's private health information);
- Exhibit 19 (discussion of Absent Class Member Gerald Wunsch's private health information);
- Exhibit 20 (discussion of Absent Class Member Duriel Harris' private health information);
- Exhibit 21 (discussion of Absent Class Member Cedric Killings' private health information);
- Exhibit 22 (discussion of Absent Class Member Alphonso Carreker's private health information);
- Exhibit 23 (discussion of Absent Class Member Chris Goode's private health information);
- Exhibit 24 (discussion of Absent Class Member Eric King's private health information);
- Exhibit 25 (discussion of Absent Class Member Robert Massey's private health information);
- Exhibit 26 (discussion of Absent Class Member Charles Evans' private health information);
- Exhibit 27 (discussion of Absent Class Member Reggie Walker's private health information);
- Exhibit 29 (discussion of Absent Class Member Jeffrey Graham's private health information);
- Exhibit 30 (discussion of Absent Class Member Roscoe Parrish's private health information);
- Exhibit 32 (discussion of several Absent Class Members' private health information);

- Exhibit 33 (discussion of Absent Class Member Alphonso Carreker's private health information);
- Exhibit 34 (discussion of several Absent Class Members Alphonso Carreker's and Reggie Walker's private health information); and
- Exhibit 35 (discussion of Absent Class Member Alphonso Carreker's private health information).

13. Finally, with respect to ***portions of documents that are not cited by Defendant in its Opposition, but are included in its Exhibits due to their being a part of a document cited by Defendant***, such documents should be sealed (or alternatively such portions thereof should be redacted) because they are clearly unrelated to the merits of the case and the Motion for Class Certification. As such, there is little, if any, public interest in the disclosure of these irrelevant, uncited, document portions, because they will do nothing to help the public "understand[] the judicial process[.]" *See Foltz*, 331 F.3d at 1135. When weighed against the interest of keeping the information contained therein private, these portions of documents should be sealed or redacted because much of them contain private personal information, such as medical records and histories, discussion of health conditions, and discussion of private personal financial information. While the preceding paragraphs discuss at great length why these types of documents should be sealed, here sealing is even more clear when weighed against the *de minimis* public interest of access to uncited and irrelevant portions of documents not relied upon by either party and only incidentally included. Accordingly, Plaintiffs respectfully request the remaining uncited-to portions of all exhibits not relied upon by the parties or the Court be sealed.

14. A proposed Order granting the NFL's Administrative Motion to Seal with respect to the above-mentioned materials is attached to this Declaration as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of June, 2021.

By: *s/Stuart A. Davidson*
Stuart A. Davidson

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused the foregoing to be served via email to the non-CM/ECF participants indicated on the attached Email Notice List.

By: *s/Stuart A. Davidson*
Stuart A. Davidson