ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave., #138
Los Gatos, California 95032
Telephone: (408) 888-7087

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

DANIEL L. NASH (*pro hac vice*)
dnash@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD DENT, et al., | Case No.: 3:14-CV-02324-WHA |
| Plaintiffs, | **DEFENDANT NATIONAL FOOTBALL LEAGUE'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO AMEND THE SCHEDULING ORDER** |
| v. | |
| NATIONAL FOOTBALL LEAGUE, | |
| Defendant. | Courtroom: 12 (19th floor)<br>Judge: Honorable William Alsup |

# INTRODUCTION

Defendant National Football League ("the NFL") opposes Plaintiffs' administrative motion ("Motion"), which seeks to amend the Court's February 19 Case Management Order ("Scheduling Order") by extending all expert-related discovery deadlines by 45 days. Dkt. 184 at 1:8-9. Plaintiffs' procedurally improper Motion does not comply with the requirements of Civil Local Rule 6-3(a) and fails to demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)(4)"). Plaintiffs' motion should be denied for at least three reasons.[1]

*First*, apart from the uncertainty of this Court's ruling on Plaintiffs' motion for class certification, Plaintiffs offer no explanation for their belated request, much less good cause or the "substantial harm or prejudice" that would result from the denial of the Motion, as required by Civil Local Rule 6-3(a)(3).

*Second*, Plaintiffs also failed to show that the existing expert discovery deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (discussing the standard for modification under Rule 16(b)(4)). Plaintiffs have been well aware of the deadlines for expert discovery since February 19, 2021. Yet Plaintiffs provide no explanation as to why, in the intervening six months, Plaintiffs could not have prepared their opening expert reports with reasonable diligence.

*Third*, Plaintiffs' Motion erroneously claims that the requested extension would not "affect any other dates in the case management order." Dkt. 184 at 2:4-5. In fact, granting Plaintiffs' request would substantially compress the case schedule and unduly prejudice the NFL. The completion of expert discovery is required to crystalize the scope of Plaintiffs' claims and test the merits of Plaintiffs' causation theories (among others). Expert discovery must be completed on the existing

---

[1] As a threshold matter, Plaintiffs "erroneously styled this as an administrative motion [under Civil Local Rule 7-11] for 'miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge.'" *Raymat Materials, Inc. v. A & C Catalysts, Inc.*, No. 13-cv-00567-WHA, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014). As this Court noted in *Raymat*, Civil Local Rule 7-11 is an inappropriate procedural mechanism where a motion "seeks to modify the scheduling order . . . –relief governed by the federal rules." *Id.* Instead, Plaintiffs' motion to extend the expert discovery deadlines must (but does not) satisfy the requirements of Civil Local Rule 6-3 ("Motion to Change Time") and Rule 16(b)(4)'s good cause standard. *See, e.g., Todd v. LaMarque*, 2007 WL 2904000, at *1-2 (N.D. Cal. Oct. 4, 2007).

schedule if the NFL is to have any chance of meeting the current case deadlines, including filing a dispositive motion that will rely on expert discovery and preparing for a trial that is set to begin in a matter of months.  If Plaintiffs' request is granted, the summary judgment deadlines and trial date would have to be substantially altered.

Because Plaintiffs have not demonstrated good cause to extend the deadlines relating to expert discovery, the NFL respectfully requests that Plaintiffs' Motion be denied.

## LEGAL STANDARD

Scheduling orders "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met" despite the moving party's diligence.  *Johnson*, 975 F.2d at 609.  The focus of the good cause inquiry is "on the moving party's reasons for seeking modification.  If the party was not diligent, the inquiry should end," and the motion to modify should not be granted.  *Id.*

Civil Local Rule 6-3 also sets forth specific requirements for motions to change deadlines. The moving party must file a motion, proposed order, and declaration that must, among other things: (1) set forth "with particularity" the reasons for the enlargement of time; (2) identify "the substantial harm or prejudice that would occur if the Court did not change the time"; and (3) describe "the effect the requested time modification would have on the schedule for the case."  Civ. L.R. 6-3(a).

## ARGUMENT

### I. Plaintiffs Fail to Demonstrate Good Cause Because They Do Not Make Any Showing of Substantial Harm or Prejudice

Contrary to the requirements of Civil Local Rule 6-3(a), Plaintiffs did not file a declaration that sets forth "the substantial harm or prejudice" that Plaintiffs will suffer if the Court does not extend the expert discovery deadlines.  Civ. L.R. 6-3(a)(3).  If the Court denies the Motion, Plaintiffs will be required to serve their opening expert reports on August 20, 2021—a deadline Plaintiffs have known about for almost six months.  Plaintiffs have not provided *any* reason why a deadline that has been known for half a year could substantially harm or prejudice them.

Instead, in their Motion (and not in a sworn declaration, as Civil Local Rule 6-3(a) requires), Plaintiffs simply state that "Plaintiffs anticipate the Court's decision on their class certification

motion could have an impact on their expert reports." Dkt. 184 at 1:25-26.  In other words, Plaintiffs should not be required to follow the Scheduling Order and serve expert reports in a timely manner because their motion for class certification could be denied.

To the extent Plaintiffs' request is merely an effort to avoid litigation costs, courts in this district are consistently clear that merely incurring litigation expenses while a motion is pending is insufficient to establish "substantial harm" under Civil Local Rule 6-3.  *See Esguerra-Aguilar, Inc. v. Shapes Franchising*, 2020 WL 8991731 (N.D. Cal. May 2020) (denying motion to extend case deadlines pending resolution of a motion to stay because the movant's "identification of substantial harm [was] generic and unpersuasive" and because "incur[ring] costs litigating the case" was "run of the mill"); *Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011) (collecting cases and stating "[]many courts [...] have concluded that incurring litigation expenses does not amount to an irreparable harm.").

In any event, Plaintiffs never actually explain what the substantial harm or prejudice of a denial would be, and this "Court should not have to guess or read between the lines of Plaintiffs'" skeletal Motion and declaration "to suss out the prejudice they might suffer."  *Wilson v. Frito-Lay North America, Inc.*, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015).  Plaintiffs were required to identify substantial harm or prejudice pursuant to Civil Local Rule 6-3(a) but failed to do so.  Their motion should be denied.  *See Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

## II. There is No Good Cause Because Plaintiffs Have Shown Idleness, Not Diligence

Plaintiffs additionally fail to demonstrate good cause because they have not explained why the expert deadlines cannot be met "[d]espite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609.

The facts of this case are similar to those in *Todd v. LaMarque*, 2007 WL 2904000, at *1-2, where the court denied a party's motion to extend the expert discovery deadline because: (1) the movant had known for years that expert analysis was required but failed to pursue expert discovery until three weeks before the deadline; (2) the movant's "stated reasons for the need for an extension

[were] not entirely persuasive" because the movant's excuses "did not impact the [movant's] ability to secure . . . experts"; and (3) the court had "emphasized to the parties that given the length of time this action has been pending, it was important to exercise diligence to keep this matter moving." *Id.*

Here, Plaintiffs have known of the need for class-wide expert discovery since filing their putative class action in 2014.  And Plaintiffs have known of the deadlines for expert discovery since February 19, 2021—nearly six months ago.  Despite this, Plaintiffs belatedly served their list of issues on which Plaintiffs will offer any expert testimony, and, after realizing their first missed deadline, asked the NFL to push back all expert deadlines by 45 days.  Declaration of Jack P. DiCanio (filed herewith) ¶¶ 5-6.  But Plaintiffs never provided the NFL with any persuasive reasons for seeking modification. *Id.*; *Johnson*, 975 F.2d at 609.  There is simply no reason Plaintiffs cannot meet the Court-ordered deadlines for expert discovery.

### III. Granting Plaintiffs' Motion Would Substantially Disrupt the Case Schedule and Prejudice the NFL

Finally, Plaintiffs' Motion violates Civil Local Rule 6-3(a)(6) because it does not accurately "[d]escribe[] the effect the requested time modification would have on the schedule for the case." Civ. L.R. 6-3(a)(6).  Plaintiffs erroneously claim that the requested extension would not "affect any other dates in the case management order," including the trial date.  Dkt. 184 at 1:9-10, 2:4-5.  In fact, granting Plaintiffs' request would substantially compress the case schedule and unduly prejudice the NFL.[2]  DiCanio Decl. ¶¶ 7-8.  Plaintiffs' proposed extension would result in expert discovery only ***beginning*** (with opening reports) on October 4, 2021, which is only ***three days before the last day to file dispositive motions***.  Expert discovery must be completed well in advance of the dispositive motion deadline so that the scope of Plaintiffs' claims is known and so that expert discovery can be taken on critical summary judgment issues, like causation.  Moreover, if summary

---

[2] In similar settings, courts in this district have acknowledged the type of prejudice the NFL would undoubtedly suffer and denied similar requests to extend expert discovery deadlines. *See, e.g., Todd v. LaMarque*, 2007 WL 2904000, at *1-2 (denying a party's motion to extend the expert discovery deadline where the party opposing the motion argued that the requested extension was prejudicial because it would have reduced the time for anticipated summary judgment briefing and post-discovery trial preparation).

judgment deadlines were pushed back to accommodate Plaintiffs' belated request for 45 extra days for expert discovery, then post-summary judgment preparation for the April 2022 trial would be unduly compressed. In order to avoid throwing the Scheduling Order into upheaval, expert discovery must be completed on the existing schedule if the parties are to have any chance of meeting the current case deadlines.

## CONCLUSION

The NFL respectfully requests that the Motion be denied. If Plaintiffs' Motion is granted, the NFL requests that the trial date and the interim dates (including the dispositive motion filing and hearing deadlines) be adjusted appropriately.

DATED: August 16, 2021          Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Jack P. DiCanio_____
JACK P. DICANIO (SBN 138782)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
jack.dicanio@skadden.com

ALLEN RUBY (SBN 47109)
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 888-7087
allen@allenruby.com

DANIEL L. NASH (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
dnash@akingump.com

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE