UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD DENT, et al.,

    Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE,

    Defendant.

No. C 14-02324 WHA

**ORDER RE MOTIONS TO FILE UNDER SEAL, DKT. NOS. 169, 174**

Plaintiffs and defendant have moved to file under seal exhibits submitted in connection with plaintiffs' motion for class certification and corresponding portions of their briefs referring to the exhibits.

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as

the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

The compelling reasons standard applies to sealing of documents relating to class certification because "the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099.

Requests to seal "must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

### 1. DKT. NO. 169.

Plaintiffs have moved to file under seal the entirety of dozens of exhibits filed in support of their motion for class certification and portions of their brief referencing the exhibits because the NFL designated the exhibits confidential under the stipulated protective order in this case. Reference to a stipulated protective order is insufficient to establish that the documents are sealable. Civ. L.R. 79-5(d)(1)(A). The NFL has not filed a declaration in support of sealing.

Therefore, the motion is **DENIED**.

### 2. DKT. NO. 174.

Plaintiffs seek to maintain under seal the entirety of nearly every exhibit submitted by the NFL in opposition to the motion for class certification on the grounds that the exhibits contain

(1) plaintiffs' health information, (2) other players' health information, and (3) plaintiffs' financial information.

*First*, plaintiffs vaguely refer to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996), in support of their request to seal references to players' health information. HIPAA, however, does not protect against the disclosure of health information by the district court because the district court is not a health plan, a health care clearinghouse, or a health care provider. 45 C.F.R. § 164.104.

*Second*, the motion is deniable on the ground that plaintiffs have failed to comply with the requirement that the request be narrowly tailored to seek sealing only of sealable material. Civ. L.R. 79-5(b). The requests are wildly overbroad because only small portions of the exhibits contain individually identifiable health information, but plaintiffs have requested to seal the entirety of the exhibits.

This order finds as follows. The request to seal plaintiffs' health information is **DENIED** because this matter goes to the heart of this case, is necessary for the public to understand the case, and plaintiffs have not articulated a compelling reason to overcome the strong presumption in favor of public access.

Plaintiffs also move to seal the entirety of nearly every exhibit to the NFL's opposition which were produced in the related action *Evans, et al., v. Arizona Cardinals Football Club, LLC, et al.*, No. C 16-01030 WHA (N.D. Cal. 2016), and which the parties agreed could be used in this action. These exhibits are the *Evans* plaintiffs' deposition transcripts and workers' compensation documents filed by the clubs in that action in connection with the various motions to dismiss and summary judgment. Thus, much of this information is already public. *See* Block Decl., *Evans, et al. v. Arizona Cardinals Football Club, LLC*, No. C 16-01030 WHA (ECF No. 213) (N.D. Cal. Mar. 3, 2017). Moreover, the *Evans* plaintiffs' experiences receiving medical care and drugs from their clubs is closely related to the merits of the underlying action since they are putative class members. Plaintiffs have provided no compelling reason that this information warrants sealing. Therefore, the motion to seal the *Evans* plaintiffs' health information is **DENIED.**

3

Finally, plaintiffs seek to seal information about their personal finances, such as "workers' compensation claims and benefits, disability claims and benefits, retirement claims and benefits, and information relating to settlements of such claims" (Dkt. No. 180 ¶ 10). Plaintiffs assert this information warrants sealing because plaintiffs "are of old age and overall poor health, leaving them particularly vulnerable to being taken advantage of." This order rejects the speculative assertion that simply because a person has applied for and received workers' compensation or disability benefits he becomes more vulnerable to unspecified financial scams. Redactions of only the dollar amounts awarded would be narrowly tailored toward serving plaintiffs' interest in security in this regard. Therefore, plaintiffs must file public versions of the exhibits and defendant's brief with redactions limited to the dollar amounts awarded, nothing more. Otherwise, the motion to seal references to plaintiffs' workers' compensation and disability claims is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 31, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE