ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave., #138
Los Gatos, CA 95032
Telephone: (408) 888-7087

JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

DANIEL L. NASH (*pro hac vice*)
dnash@akingump.com
STACEY R. EISENSTEIN (*pro hac vice*)
seisenstein@akingump.com
AKIN GUMP STRAUSS HAUER & FELD
LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

GREGORY KNOPP (SBN 237615)
gknopp@akingump.com
AKIN GUMP STRAUSS HAUER & FELD
LLP
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001

Attorneys for Defendant
NATIONAL FOOTBALL LEAGUE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD DENT, et al., | Case No.: 3:14-CV-02324-WHA |
| Plaintiffs, | **DEFENDANT NATIONAL FOOTBALL LEAGUE'S RESPONSE TO COURT'S DECEMBER 2 REQUEST FOR SUPPLEMENTAL BRIEFING** |
| v. | |
| NATIONAL FOOTBALL LEAGUE, | Date:           December 2, 2021 |
| Defendant. | Time:           8:00 a.m. |
| | Courtroom: 12 (19th Floor) |
| | Judge:          Honorable William Alsup |

The National Football League ("NFL") submits this response to the Court's December 2, 2021 request to address a question that may aid the Court in its analysis of the issues raised in the NFL's pending Motion for Summary Judgment and plaintiffs' opposition.

This Court asked, "[t]o what extent can the CBA override state negligence law" when "the state law says – and this is hypothetical – if the player is hurt bad enough that he needs painkillers, it is negligent per se to give him painkiller and go out on the field," and "the collective bargaining agreement has a different provision that says that the Union and the League and the Clubs all agree that the teams can return a player to the field to play even when they're hurt and even with the benefit of painkiller drugs when, in the judgment of the . . . team physician, it is safe to do so, and the player signs a written release?"  Hr'g Tr. at 20:11-14; 20:24-21: 5; 21:23-24 (Dec. 2, 2021).

The short answer to the Court's question is yes—parties to a CBA may agree to a standard of care that overrides state negligence law where, as in the case of the Court's hypothetical, the CBA waives the negligence per se standard established by the hypothetical law.  "It is well settled that a union may lawfully waive statutory rights of represented employees in a collective bargaining agreement."  *Am. Freight Sys., Inc. v. NLRB*, 722 F.2d 828, 832 (D.C. Cir. 1983); *see also Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994) (noting union may "bargain away [employee] protections under" state law); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir. 1987) (holding "a union can waive the right of a probationary employee to the protection of California's implied covenant tort"); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 694 (9th Cir. 2001) (acknowledging that rights of privacy under California law may be "subject to negotiation" and "conditioned by the terms of a CBA"); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1202 (C.D. Cal. 2015) (holding CBA "waives the protections" of state wage payment law by "establish[ing] alternate terms for final wage payments"); *Ehret v. WinCo. Foods, LLC*, 26 Cal. App. 5th 1, 10 (2018) (finding that a CBA waived the statutory right to a meal break).

Because the Court's hypothetical law exclusively applies to unionized football players covered by CBAs, it is not the type of "generally applicable" minimum labor standard that courts have held to be beyond labor negotiations.  *Livadas*, 512 U.S. at 123 n.17.  Therefore, the parties would be free to negotiate a standard of care that overrides the negligence per se standard imposed

by the hypothetical law and permit players to return to the field when the Club physician determines it is safe to do so. *See, e.g.*, *Espinoza v. Cargill Meat Sols. Corp.*, 622 F.3d 432, 442 (5th Cir. 2010) (noting unions are "allowed a great deal of flexibility . . . to waive some employee rights, even the employee's individual statutory rights"). That is precisely the case here, where, at least since 1980, the undisputed record is that the NFL and the NFL Players Association have agreed that all player medical care decisions, including whether and under what circumstances players are returned to play following injury, must be made exclusively by qualified Club physicians whose obligations are solely to their player-patients. *See* Dkt. No. 194 at 7-10; Dkt. No. 204 at 1-4.

Regardless of whether a CBA provision could override the Court's hypothetical state law negligence standard, the existence of such a law would not alter the fact that here, plaintiff's sole remaining claim—no longer based on a claim of a violation of a statute but solely on a theory of negligent voluntary undertaking by the NFL—is preempted under Section 301 of the Labor Management Relations Act ("LMRA"). "Whether a union may waive its members' individual, nonpre-empted state-law rights, is, . . . a question distinct from that of whether a claim is pre-empted under § 301." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409 nn.9-10 (1988). Thus, even where a state law imposes a "nonnegotiable" standard that cannot be waived, Section 301 will preempt a claim where resolution of the claim is "substantially dependent" on the interpretation of the collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *see also Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1066 (9th Cir. 2007) ("[T]he fact of nonnegotiability alone is not a talisman for determining preemption."); *Brown v. Brotman Med. Ctr.*, 571 F. App'x 572, 576 (9th Cir. 2014) (LMRA preempted whistleblower claim based on workplace safety statute that did "not require an employer to take all conceivable steps to ensure safety").

Here, as explained in the NFL's summary judgment briefing, plaintiffs' sole remaining claim cannot be decided without interpreting the applicable CBAs to determine both the scope of the NFL's alleged "voluntarily assumed" duty and whether the NFL breached that duty by unreasonably failing to "protect players" from the Clubs and Club physicians' alleged medication

2

practices. Dkt. No. 204 at 8 (quoting *Dent v. Nat'l Football League*, 968 F.3d 1131, 1132 (9th Cir. 2020) (*"Dent II"*)); Dkt. No. 194 at 8-9. The Court's hypothetical law, which would impose a standard of care not on the NFL, but on the Club physicians who prescribe medications and decide whether players are medically cleared to return to play, would not eliminate the need to interpret the CBAs to determine what duty, if any, the NFL assumed and whether the NFL acted reasonably in carrying out that duty. *See* Dkt. 106 at 13-14 ("[B]ecause the CBAs expressly and repeatedly allocate so many health-and-safety duties to the clubs [and Club physicians], the CBAs can fairly be interpreted, by implication, to negate any such duty at the league level.").[1] Accordingly, regardless of whether a state law standard imposed return-to-play rules on the Club physicians, plaintiffs' voluntary undertaking claim would remain preempted. *See Int'l Bhd. of Elec. Workers v. Hechler*, 481 US 851, 863 (1987) (finding employee negligence claim against union preempted where the extent of any duty owed to the employee by the union could be ascertained only by interpreting the various provisions in the collective bargaining agreement addressing workplace safety issues).

For this reason, the Court's hypothetical raises issues fundamentally different from those addressed by the Ninth Circuit in *Dent v. Nat'l Football League*, 902 F.3d 1109 (9th Cir. 2018) (*"Dent I"*), where the Court considered whether plaintiffs' negligence per se claim was preempted. This case no longer concerns allegations that the NFL violated a statute. To the contrary, as this Court recognized, plaintiffs' negligence per se theory failed because they "d[id] not allege that the NFL itself violated the relevant drug laws and regulations governing the medications at issue."

---

[1] Moreover, a finding that claims were not preempted based on a hypothetical California law would frustrate the very purpose of Section 301 preemption; "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." Dkt. 106 at 4 (quoting *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962)). Precluding the NFL and Clubs from relying on Club physicians' return-to-play decisions in some states but not others might lead to an incongruous result in the game of football. Clubs in one state could return players to the field when a Club physician judges it safe to do so. Other Clubs—subject to the hypothetical law—would be incentivized never to return injured players to the field, no matter the recommendation of Club physicians. As a result of such an inconsistent rule, Clubs in different states would be required to follow different safety protocols, and players on teams unaffected by the hypothetical law would have more playing time and more opportunities to qualify for bonuses and other benefits of playing provided by the CBA. Congress did not intend such "inconsistent local rules" to "prevail over" federal labor law. *Id*. (quoting *Teamsters*, 369 U.S. at 104).

Dkt. No. 135 at 7.  The Ninth Circuit agreed that without "facts that tether the alleged statutory violations to any concrete actions of the NFL," plaintiffs' negligence per se theory failed.  *Dent II*, 968 F.3d at 1131.  Indeed, plaintiffs themselves concede that the NFL did not violate any statute or do anything illegal; "[b]y Plaintiffs' own admission, the Club doctors and trainers appear to be the only relevant actors purportedly in violation of statutory requirements."  *Id.*

In short, although a negligence per se theory based on a defendant's violation of a statute may not be preempted under certain circumstances, plaintiffs' *actual* negligence theory remaining in this lawsuit would be substantially dependent on interpretation of the CBAs—and is thus preempted under Section 301 of the LMRA.

Dated:  December 8, 2021           By:      */s/ Jack P. DiCanio*
                                                    Jack P. Dicanio

                                              Attorneys for Defendant
                                              NATIONAL FOOTBALL LEAGUE