1    William N. Sinclair (SBN 222502)
     (bsinclair@silvermanthompson.com)
2    Steven D. Silverman (Admitted *Pro Hac Vice*)
     (ssilverman@silvermanthompson.com)
3    Andrew G. Slutkin (Admitted *Pro Hac Vice*)
     (aslutkin@silvermanthompson.com)
4    Christopher Macchiaroli (Admitted *Pro Hac Vice*)
     cmacchiaroli@silvermanthompson.com)
5    Phillip J. Closius (Admitted *Pro Hac Vice*)
     (pclosius@silvermanthompson.com)
6    **SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC**
     201 North Charles Street, Suite 2600
7    Baltimore, MD 21201
     Telephone: (410) 385-2225
8    Facsimile: (410) 547-2432

9    Mel T. Owens (SBN 226146)            Stuart A. Davidson (Admitted *Pro Hac Vice*)
     (mowens@nbolaw.com)                  SDavidson@rgrdlaw.com
10   **NAMANNY BYRNE & OWENS, P.C.**     Mark J. Dearman (Admitted *Pro Hac Vice*)
     2 South Pointe Drive, Suite 245      MDearman@rgrdlaw.com
11   Lake Forest, CA 92630                **ROBBINS GELLER RUDMAN & DOWD LLP**
     Telephone: (949) 452-0700            120 E. Palmetto Park Road, Suite 500
12   Facsimile: (949) 452-0707            Boca Raton, FL 33432
                                          Telephone: (561) 750-3000
13                                        Facsimile: (561) 750-3364

14   *Attorneys for Plaintiffs Richard Dent, et al.*

15              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
16                SAN FRANCISCO DIVISION

17   RICHARD DENT, *et al.*              )  CASE NO. 3:14-CV-02324 WHA
                                         )
18                  Plaintiffs,          )  **PLAINTIFFS' RESPONSE TO**
           v.                            )  **HYPOTHETICAL POSED BY**
                                         )  **COURT AT DECEMBER 2, 2021**
19   NATIONAL FOOTBALL LEAGUE, a New     )  **ORAL ARGUMENT**
     York unincorporated association,    )
20                                       )
                    Defendant.           )
21   _____)

22

23

24

25   **Plaintiffs' Response to Hypothetical Posed by Court**
     **Case No. 3:14-CV-02324 WHA**

**INTRODUCTION**

At oral argument on the NFL's Motion for Summary Judgment, the Court requested that the parties file supplemental briefs on the following question:  If state law (common law and/or statutory) makes it *per se* negligent to allow an athlete to return to play only if they can do so with pain killers, is the state law preempted by § 301 of the Labor Management Relations Act ("LMRA") if a collecting bargaining agreement ("CBA") allows an athlete, under medical supervision, to return to play aided by pain killers if they sign a release.  The answer is "no." *Dent v. Nat'l Football League*, 902 F.3d 1109, 1121 (9th Cir. 2018) ("*Dent I*") (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985)).

**ARGUMENT**

Section 301 of the LMRA prohibits parties to a CBA "to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract."  *Allis-Chalmers*, 471 U.S. at 212.  As the Supreme Court has explained:

> Section 301 on its face says nothing about the substance of what private parties may agree to in a labor contract.  Nor is there any suggestion that Congress, in adopting § 301, wished to give the substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation.  Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. *Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. . . .*

*Id.* at 211–12 (emphasis added); *see also Livadas v Bradshaw*, 512 U.S. 107, 123 (1994) (underscoring point that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on employees by state law").

This limitation on § 301 was previously applied by the Ninth Circuit in this very case to reject an earlier version of the NFL's preemption argument.  *See Dent I*, 902 F.3d at 1115.  An issue in *Dent I* was whether § 301 preempted Plaintiffs' claim of negligence *per se* based on the

NFL's alleged administration of pain killers in violation of state and federal law.[1]  *See id.* at 117–18.  The NFL argued that the claim was preempted because evaluating what duty, if any, it owed to Plaintiffs would require a court to "interpret the CBAs to determine the scope of the obligations the NFL and Clubs have adopted vis a vis the individual clubs' physicians and trainers."  *Id.* at 1120 (internal quotation marks omitted).  The Ninth Circuit rejected this argument as contrary to rule that "[t]he parties to a CBA cannot bargain for what is illegal."  *Id.* at 1121 (citing *Allis-Chalmers*, 471 U.S. at 212).  As the Court explained, it made no difference whether a CBA spoke to the NFL's duty if that duty had an independent source in state and federal drug laws:

> [L]iability for a negligence claim alleging violations of federal and state statutes does not turn on how the CBAs allocated duties among the NFL, the teams, and the individual doctors. Regardless of what (if anything) the CBAs say about those issues, if the NFL had any role in distributing prescription drugs, it was required to follow the laws regarding those drugs. To the extent that the plaintiffs allege they were injured by the NFL's violation of those laws, their claims can be assessed without any interpretation of the CBAs.

*Id.* at 1121; *see also Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 694 (9th Cir. 2001) (*en banc*), *as amended* (Aug. 27, 2001) (holding that claims "based on California's constitutional and statutory rights of privacy guaranteed to all persons" were independent of the parties' CBA and therefore "not subject to § 301 preemption"); *Williams v. Nat'l Football League*, 582 F.3d 863, 878 (8th Cir. 2009) (holding that players' claim against NFL predicated on state law governing workplace drug testing was not preempted by CBA or NFL drug policy; citing *Allis-Chalmers* and *Cramer*).

Dent I, *Cramer*, and *Williams* answer the Court's hypothetical.  If state law makes it negligence *per se* to allow a player back onto the field when a return to play not possible without

---

[1] Plaintiffs are no longer advancing a negligence *per se* claim; they rely exclusively on a voluntary undertaking theory of negligence.

1 | pain killers, then it makes no difference whether a CBA provision permits the practice.  Section

2 | 301 does not allow parties to collectively bargain around state law.

3 | **CONCLUSION**

4 | For the foregoing reasons, and those stated in Plaintiffs' Opposition to the NFL's Motion

5 | for Summary Judgment and at oral argument, Plaintiffs respectfully request that the Court deny

6 | the NFL's Motion for Summary Judgment.

7 | Dated: December 8, 2021                    Respectfully Submitted,

8 |                                     */s/ Willian N. Sinclair*
  |                                     William N. Sinclair (SBN 222502)
9 |                                     (bsinclair@mdattorney.com)
  |                                     SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
10|                                     201 N. Charles St., Suite 2600
  |                                     Baltimore, MD 21201
11|                                     Telephone: (410) 385-2225
  |                                     Facsimile: (410) 547-2432