UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DENT, J.D. HILL, JAMES MCMAHON, JEREMY NEWBERRY, RON PRITCHARD, RON STONE, KEITH VAN HORNE, AND MARCELLUS WILEY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE,<br><br>Defendant. | No. C 14-02324 WHA<br><br>**ORDER DENYING MOTION TO SEAL** |

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance

the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

Under our local rules, requests to seal "must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

\*          \*          \*

The NFL has filed an administrative motion to file under seal the entirety of many documents it has filed in support of its motion for summary judgment because plaintiffs designated the documents as "confidential" pursuant to the protective order in this case, and because the documents contain plaintiffs' personally identifiable health information.

The "confidential" designations are overbroad, and plaintiffs have filed no declarations in support of keeping the documents secret from the public as required by our local rules.

Therefore, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 17, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE