1  ALLEN RUBY (SBN 47109)
   allen@allenruby.com
2  ALLEN RUBY, ATTORNEY AT LAW
   15559 Union Ave., #138
3  Los Gatos, California 95032
   Telephone: (408) 888-7087
4
   JACK P. DICANIO (SBN 138782)
5  jack.dicanio@skadden.com
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  525 University Avenue
   Palo Alto, CA 94301
7  Telephone: (650) 470-4500
   Facsimile: (650) 470-4570
8
   DANIEL L. NASH (*pro hac vice*)
9  dnash@akingump.com
10 AKIN GUMP STRAUSS HAUER & FELD LLP
   2001 K Street, N.W.
11 Washington, DC 20006
   Telephone: (202) 887-4000
12 Facsimile: (202) 887-4288

13 Attorneys for Defendant
   NATIONAL FOOTBALL LEAGUE
14

15            **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA**

17              **SAN FRANCISCO DIVISION**

18

19 RICHARD DENT, et al.,              Case No.: 3:14-CV-02324-WHA

20              Plaintiffs,           **DEFENDANT NATIONAL FOOTBALL
                                      LEAGUE'S OPPOSITION TO
21      v.                            PLAINTIFFS' MOTION FOR RELIEF
                                      FROM JUDGMENT**
22 NATIONAL FOOTBALL LEAGUE,
                                      **Date:      February 24, 2022**
23              Defendant.           **Time:      8:00 a.m.**
                                      **Courtroom: 12 (19th Floor)**
24                                    **Judge:     Honorable William Alsup**

25

26

27

28

---

**INTRODUCTION**

On December 17, 2021, this Court granted Defendant National Football League's ("the NFL's") motion for summary judgment as to all Plaintiffs.  *See* Order Granting Summary Judgment (Dkt. No. 211) ("Order").  After full briefing and oral argument, the Court found that the vast majority of Plaintiffs' claims were time-barred and the internal organ injury claims of Plaintiffs Richard Dent, Marcellus Wiley, and J.D. Hill failed for insufficient proof of causation.  *Id.*

Plaintiffs Dent, Wiley, and Hill now move under Federal Rule of Civil Procedure 59(e) and 60(b)(1) for partial relief from the judgment, asking the Court to reconsider its causation finding because they filed the wrong version of their expert declaration.  *See* Plaintiffs' Motion for Relief from Judgment (Dkt. No. 215).  Specifically, Plaintiffs request that the Court consider the declaration their expert, Leslie Z. Benet, produced in this litigation, rather than a virtually identical declaration Benet submitted in the related *Evans* matter.  Plaintiffs assert they submitted the *Evans* declaration "through inadvertent mistake."  (*Id.* at 1.)  Plaintiffs' motion should be denied for two reasons.

*First,* Plaintiffs have not met the requirements of Rule 59(e) or 60(b).  Altering a judgment is an extraordinary remedy that may be granted only in limited circumstances, and Plaintiffs have not established any extraordinary circumstance here.  They provide no explanation for their failure to submit the correct declaration from their only expert witness until after summary judgment was fully briefed, argued, and final judgment was entered.  Plaintiffs' bare assertion that they inadvertently filed the wrong declaration is insufficient to establish a basis for relief.

*Second*, even if the Court were to grant Plaintiffs' motion and consider Benet's *Dent* declaration, it offers no basis to change the Court's findings with respect to causation.  Benet admitted at his deposition that he did not make specific causation determinations as to the internal organ injuries of Dent, Wiley, and Hill, nor was he qualified to do so.  Nothing in his declaration undermines the Court's conclusion that Plaintiffs failed to meet their burden based on these admissions and the undisputed medical evidence that Plaintiffs' conditions were caused by reasons unrelated to their use of medications while playing in the NFL.

For these reasons, the motion should be denied.

1

**ARGUMENT**

2  **I.    Legal Standard**

3          A motion to reconsider summary judgment may be brought under either Rule 59(e) (motion

4  to alter or amend judgment) or Rule 60(b) (motion for relief from judgment).  *See Fuller v. M.G.*

5  *Jewelry*, 950 F.2d 1437 (9th Cir. 1991).  Rule 59(e) offers an "extraordinary remedy, to be used

6  sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v.*

7  *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir.

8  2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e)

9  because only "highly unusual circumstances" will justify its application).  Relief under Rule 59(e)

10 should be denied "unless the district court is presented with newly discovered evidence, committed

11 clear error, or if there is an intervening change in the controlling law."  *Carroll v. Nakatani*, 342

12 F.3d 934, 945 (9th Cir. 2003).

13         Like Rule 59(e), "Rule 60(b) provides for extraordinary relief which may be granted only

14 upon an adequate showing of exceptional circumstances."  *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040,

15 1041 (9th Cir. 1989).  Rule 60(b)(1) authorizes the court to relieve a party from a final judgment

16 for certain reasons, including "mistake, inadvertence, surprise, or excusable neglect."  *Engleson v.*

17 *Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992).

18 **II.   Plaintiffs Fail To Demonstrate Grounds For Relief Under Rule 59(e) or 60(b)(1)**

19         Plaintiffs contend that Benet's *Dent* declaration should be added to the record and the Court

20 should reconsider its conclusion that "Plaintiffs' sole expert opines only that the drugs 'could have'

21 caused Plaintiffs' injuries" in light of that declaration.  Dkt. No. 215 at 2-3.  Plaintiffs state that they

22 "inadvertent[ly]" attached Benet's *Evans* Declaration in support of their opposition to the NFL's

23 motion for summary judgment filed on October 27, 2021, and did not recognize the error until

24 January 11, 2022.  *Id.* at 2.  Without citing any legal authority or attempting to explain their failure

25 to review their own papers until weeks after the Court's summary judgment ruling, Plaintiffs argue

26 that this error constitutes "mistake" or "inadvertence" warranting relief under Rule 59(e) and

27 60(b)(1).  It does not.  To the contrary, "if failure to submit evidentiary materials is solely due to [an]

28

2

1    attorney's carelessness, [] it would be an abuse of discretion for the court to grant [] relief" and alter

2    or amend a judgment.  *Engleson,* 972 F.2d at 1043.

3            There is no basis for the Court to amend the judgment under Rule 59(e).  Benet's *Dent*

4    declaration is neither newly discovered evidence nor an intervening change in controlling law.

5    Plaintiffs do not contend that the Court's ruling was "clear error," but even if they did, they cannot

6    clear the "high hurdle" required to make such a showing.  *See Boon Rawd Trading Int'l Co. v.*

7    *Paleewong Trading Co. Inc.*, No. C 09-05617 WHA, 2011 WL 1627981, at *1 (N.D. Cal. Apr. 29,

8    2011) (Alsup, J.) (quoting *Weeks*, 246 F.3d at 1236).  Instead, they state generally that the Court

9    should "reconsider" its decision in light of Benet's *Dent* declaration.  But a Rule 59(e) motion is not

10   a vehicle to "raise arguments or present evidence for the first time when they could reasonably have

11   been raised earlier in the litigation."  *See Kona,* 229 F.3d at 890-91; *Zimmerman v. City of Oakland*,

12   255 F.3d 734, 740 (9th Cir. 2001) (a "party that fails to introduce facts in a motion or opposition

13   cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered

14   evidence' unless they were previously unavailable"); *Sch. Dist. No. 1J, Multnomah Cty., Or. v.*

15   *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (same).  And even if Plaintiffs were entitled to rely

16   upon previously available evidence, "[m]ere doubts or disagreement about the wisdom of a prior

17   decision of . . . [the] court will not suffice" to establish "clear error."  *Bey v. Malec*, No. 18-CV-

18   02626-SI, 2020 WL 3058336, at *2 (N.D. Cal. June 9, 2020), *aff'd* 2021 WL 3743867 (9th Cir. Aug.

19   24, 2021).  They offer no basis to cast doubt on the Court's conclusion as to causation, which was

20   supported by Benet's own admissions and undisputed medical evidence.  *See* Section III, *infra.*

21   Plaintiffs thus have not established their entitlement to relief under Rule 59(e).

22           Nor is there any basis for relief under Rule 60(b)(1).  The moving party bears the burden of

23   proving a justification for Rule 60(b) relief.  *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.

24   1988).  Plaintiffs here do not provide an explanation for their failure to timely submit Benet's *Dent*

25   declaration to the Court, other than stating they did not realize the wrong document was filed with

26   (and cited in) their opposition.  But the Ninth Circuit has made clear that "[n]either ignorance nor

27   carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."

28

**DEF.'S OPPOSITION TO PLAINTIFFS' MOTION FOR**             **CASE NO.: 3:14-CV-02324-WHA**
**RELIEF FROM JUDGMENT**

*Engleson*, 972 F.2d at 1043 ("if failure to submit evidentiary materials is solely due to attorney's carelessness, then it would be an abuse of discretion for the court to grant Rule 60(b) relief"); *see, e.g.*, *United States for Use & Benefit of Familian Nw., Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir. 1994) (upholding lower court's decision that company's failure to include some invoices when calculating damages did not constitute excusable neglect even though it resulted in a lesser judgment); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (affirming lower court's decision that counsel's failure to plead an affirmative defense did not constitute excusable neglect); *Gratch v. Nicholson*, No. C 04-03028 JSW, 2006 WL 8442165, at *3 (N.D. Cal. Jan. 11, 2006) (denying plaintiff's Rule 60(b) motion for relief from final judgment where plaintiff's sole justification for failure to submit a declaration was that he did not realize it had not been properly filed).  If Benet's *Dent* report was important enough to materially impact the Court's summary judgment conclusions, Plaintiffs' counsel had an obligation to ensure it was properly made part of the record.  They did not.  Accordingly, Plaintiffs' belated request to supplement the record should be denied.

## III.   Nothing In Benet's *Dent* Declaration Affects the Court's Findings On Causation

Even if this Court were to consider Benet's *Dent* declaration, it does not change the Court's analysis or conclusions with respect to causation.  *See, e.g., Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (party seeking to introduce additional evidence under "excusable neglect" provision of Rule 60 must prove the evidence "would have changed the outcome … [on] summary judgment").  In the Order, the Court found it undisputed that Wiley, Hill, and Dent's internal organ injuries had "plausible causes and contributors other than the medications they took while playing professional football."  Order at 41-42.  In those circumstances, the Court explained, "under the law of every potentially interested state, it was incumbent on [P]laintiffs to put forth competent, expert medical evidence that to a reasonable medical certainty, the medications caused the internal organ ailments they allege [the NFL] is responsible for."  *Id.* at 42.  The Order found that Plaintiffs' only expert evidence—a single, "recycled" declaration from Benet, who is not a physician—did "not come even close" to meeting that burden.  *Id.*

1   Plaintiffs ask the Court to revisit its finding in light of paragraphs 16-18, 22, 31-35, and 44

2  of Benet's *Dent* Declaration, but do not even attempt to explain how these portions of the declaration

3  would alter the Court's detailed causation analysis.  For example, in paragraph 17 of his *Dent*

4  declaration, Benet states his opinion that medications taken by NFL players *in general* had

5  "significant deleterious effects" on the players "particularly with respect to musculoskeletal

6  morbidity, but also with respect to kidney, liver, and cardiac morbidities."  *See* Benet's *Dent*

7  Declaration (Dkt. No. 215-2) ¶ 17.  Yet the declaration offers no evidence that any plaintiff's specific

8  internal organ injury was actually caused by medications he took while playing in the NFL.  At the

9  most, Benet is simply making a more definitive statement of his opinion that medication use may

10  cause issues in NFL players generally.[1]

11   Because Benet's *Dent* declaration offers no substantive evidence as to *specific* causation, it

12  has no bearing on the Court's finding that Plaintiffs' internal organ injuries have "plausible causes

13  and contributors other than the medications they took while playing professional football."  Order at

14  41-42.  Plaintiffs were required to establish that they "suffer[] from a particular ailment as a result of

15  exposure to a substance" by offering evidence of a causal link "within a reasonable medical

16  probability based upon competent expert testimony."  *In re Hanford Nuclear Rsrv. Litig.,* 292 F.3d

17  1124, 1133 (9th Cir. 2002); *see also* Order at 32-37.  This requires "consider[ation] [of] other causes,

18  and provid[ing] a sufficient basis to establish that this cause is a conceivably probable one, as

19  opposed to others."  *Archie v. Pop Warner Little Scholars, Inc.,* No. CV 16-6603 PSG (PLAx), 2019

20  WL 8230854, at *6-7, 11 (C.D. Cal. Dec. 27, 2019), *aff'd* 2021 WL 4130082 (9th Cir. Sept. 10,

21  2021).  When questioned about his *Dent* report at his deposition, Benet admitted he did not even

22  consider, let alone attempt to rule out, any other potential causes of their conditions.  *See* Benet Tr.

---

[1] The remaining paragraphs cited by Plaintiffs are irrelevant to the question of whether Plaintiffs' conditions were caused by the medications they took while playing in the NFL.  *See* Benet's *Dent* Declaration (Dkt. No. 215-2) ¶ 16 (listing documents reviewed in connection with preparing declaration); ¶ 18 (stating opinion that administration of Toradol prior to games leads to long-term negative health effects in players); ¶¶ 22, 31-33 (discussing *Dent* Plaintiffs' testimony about medications they received during their careers); ¶¶ 34-35 (discussing *Evans* Plaintiffs' testimony about medications they received during their careers); ¶ 44 (quoting Third Amended Complaint and stating that he concurs with its assessment of "the breach of the standard of care and causation by the NFL").

**DEF.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT**          **CASE NO.: 3:14-CV-02324-WHA**

1  at 82:22-91:1.  He also conceded he was not qualified to determine to a "reasonable medical certainty

2  if any of plaintiffs' internal organ injuries were caused by the drugs."  Order at 38 (citing Benet Tr.

3  at 90:19-91:1).

4         The Court's causation findings with respect to Dent, Wiley, and Hill's internal organ injury

5  claims thus are unaffected by anything in Benet's *Dent* declaration.  The Court's Order recognized

6  Benet's own admissions that he could not offer an expert opinion as to whether Dent, Wiley, and

7  Hill's specific conditions were caused by medication use while in the NFL.  Order at 38.  In fact, all

8  of the competent medical evidence, including testimony from Plaintiffs' own treating physicians, is

9  to the contrary.  *Id.* at 39-41; *see also* Def.'s Mot. for Summ. J. (Dkt. No. 194) at 18-20.  There

10  accordingly was no material dispute of fact as to Plaintiffs' failure of proof.  Order at 41-42.  Nothing

11  in Benet's *Dent* declaration changes this conclusion.  *See, e.g.*, *Casey*, 362 F.3d at 1260; *Nelson v.*

12  *Matrixx Initiatives, Inc.*, No. 09-02904, 2012 WL 4755025, at *3-4 (N.D. Cal. Oct. 4, 2012) (Alsup,

13  J.) (granting plaintiff's request to correct a factual error pertaining to expert's qualification but

14  denying request for relief from order excluding expert because the factual error did not affect finding

15  that expert's opinion was unreliable).  Plaintiffs' post-judgment request to revise the record and

16  change the Court's order is unjustified and would not change the result in any event.  It should be

17  denied.

18                                    **<u>CONCLUSION</u>**

19         For the foregoing reasons, the NFL respectfully requests that Plaintiffs' motion be denied in

20  its entirety.

21

22  DATED:  January 27, 2022               Respectfully submitted,

23                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

24                                         By:    */s/ Jack P. DiCanio*
                                           JACK P. DICANIO (SBN 138782)
25                                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                           525 University Avenue
26                                         Palo Alto, CA 94301
                                           Telephone: (650) 470-4500
27                                         Facsimile: (650) 470-4570
                                           jack.dicanio@skadden.com
28
                                               6
**DEF.'S OPPOSITION TO PLAINTIFFS' MOTION FOR**          **CASE NO.: 3:14-CV-02324-WHA**
**RELIEF FROM JUDGMENT**

1

2          ALLEN RUBY (SBN 47109)
           ALLEN RUBY, ATTORNEY AT LAW
3          15559 Union Ave. #138
           Los Gatos, California 95032
4          Telephone: (408) 888-7087
           allen@allenruby.com

5          DANIEL L. NASH (*pro hac vice*)
           AKIN GUMP STRAUSS HAUER & FELD LLP
6          2001 K Street, N.W.
           Washington, D.C. 20006
7          Telephone: (202) 887-4000
           Facsimile: (202) 887-4288
8          dnash@akingump.com

9          Attorneys for Defendant
           NATIONAL FOOTBALL LEAGUE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEF.'S OPPOSITION TO PLAINTIFFS' MOTION FOR          CASE NO.: 3:14-CV-02324-WHA
RELIEF FROM JUDGMENT**