UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD DENT, et al.,

    Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE,

    Defendant.

No. C 14-02324 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM JUDGMENT**

On December 17, summary judgment entered in favor of defendant against plaintiffs. Final judgment entered the same day. Plaintiffs now move to amend the judgment or for relief from the judgment under Rules 59(e) and 60(b)(1). The motion is **GRANTED** only to the extent that the summary judgment record is retroactively augmented to include the correct version of the declaration of plaintiffs' expert. Otherwise, the motion is **DENIED**. The hearing is **VACATED**.

\*　　　　　\*　　　　　\*

The December 17 summary judgment order found: (1) all claims for musculoskeletal injuries were barred by the statute of limitations; (2) the claims of some plaintiffs for latent internal organ injuries were also barred by the statute of limitations; and (3) the latent internal

organ injury claims of the remaining plaintiffs failed for insufficient proof of medical causation.

Regarding the third ground, in opposition to summary judgment, plaintiffs filed the same expert report by Leslie Z. Benet, Ph.D. pharmaceutical chemistry, which plaintiffs' counsel had used in the related case of *Evans v. Arizona Cardinals Football Club, LLC*, No. 3:16-cv-01030-WHA (N.D. Cal. 2016) (the "*Evans* Benet declaration").

On January 13, plaintiffs filed the instant motion along with a declaration from plaintiffs' counsel (Dkt. No. 215.) Counsel's declaration attached a copy of the correct version of Dr. Benet's declaration prepared for this matter which plaintiffs had intended to rely upon in opposition to summary judgment (Sinclair Decl. Exh. A) (the "*Dent* Benet declaration"). Counsel's declaration explained, and the NFL does not dispute, that the correct version of Dr. Benet's declaration was timely disclosed to defendant and defendant's counsel examined Dr. Benet about the *Dent* Benet declaration at Dr. Benet's deposition.

Plaintiffs' counsel failed, however, to file the *Dent* Benet declaration until January 13. Counsel's declaration offered no explanation whatever for the error, simply stating that counsel "mistakenly relied on" the wrong declaration, and that "counsel did not discover the mistake until January 11, 2022 while in the process of assessing the filing of an appeal in this matter" (Sinclair Decl. ¶¶ 8, 9.)

Plaintiffs now move for reconsideration under Rules 59(e) and 60(b)(1). Specifically, plaintiffs move (1) to have the record augmented to include the *Dent* Benet declaration, and (2) for the summary judgment order to be amended or altered in light of the new declaration. Defendant has filed an opposition and plaintiffs have filed a reply (Dkt. Nos. 218, 219.) Under FRCP 78(b) and Civil Local Rule 7-1(b), the judge finds the motion suitable for disposition without a hearing, so the February 24 hearing is **VACATED**.

//

//

//

In the interests of deciding this case on the merits and providing a full record for appeal, the *Dent* Benet declaration is received into the record and to that extent only the motion is **GRANTED**.

But the new declaration would not and does not change the outcome. It is undisputed that plaintiffs' internal organ injuries—Dent, enlarged aorta and atrial fibrillation; Wiley, kidney damage; and Hill, lung damage and atrial fibrillation—had plausible medical causes not proximately related to the NFL's alleged negligence. Therefore, under the laws of every interested jurisdiction, to prevail on their claims, plaintiffs had to come forward with competent, expert medical testimony that to a reasonable medical probability, accounting for the other plausible causes and contributing factors, the drugs they took while playing in the NFL caused their latent internal organ injuries (*see* Dkt. No. 211 at 32–37 (listing authorities).)

The *Dent* Benet declaration fails to create a genuine dispute of fact as to specific medical causation. The following is the only statement going towards specific causation in the new expert report (Dkt. No. 215-2 ¶17 (emphasis added)):

> In my opinion, the frequency and amount of medications administered to and taken by NFL players . . . *caused significant deleterious effects* on the players during and beyond their active career as players in the NFL, particularly with respect to musculoskeletal morbidity, but also with respect to kidney, liver and cardiac morbidities.

*First*, with respect to musculoskeletal injuries, the expert report is irrelevant because those claims are time-barred (Dkt. No. 211 at 16–22.)

*Second*, the statement only refers generally to "NFL players," "significant deleterious effects," and "kidney, liver and cardiac morbidities." The declaration does not even identify the plaintiffs specifically or their conditions or diseases.

*Third*, in his deposition, Dr. Benet acknowledged that he did not attempt to rule out the other plausible causes and contributors of plaintiffs' conditions and he acknowledged that he could not opine to a reasonable medical certainty as to the causes of any of plaintiffs' conditions (Benet Dep. 90:19–91:1.)

Most importantly, to repeat, it is undisputed—plaintiffs and Dr. Benet acknowledged—that the conditions and diseases plaintiffs claim defendant is liable for have plausible causes or contributors not proximately caused by defendant's alleged negligence.  Because this is so, the law required competent medical testimony that to a reasonable medical certainty, accounting for the other factors and contributors, the drugs plaintiffs took while playing football caused their ailments.  Plaintiffs have not raised a genuine dispute in that regard.

\*          \*          \*

For the foregoing reasons, the request to augment the summary judgment record with the *Dent* Benet declaration is **GRANTED**.  Otherwise, the motion is **DENIED**.  The hearing is **VACATED**.  Plaintiffs should proceed to perfect their appeal, if that is their intent.

**IT IS SO ORDERED.**

Dated: February 18, 2022

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4